## JACKSON et al. v. CENTRAL TORPEDO CO.

No. 16435—Opinion Filed May 4, 1926.

**1. Oil and Gas—Negligent "Shooting" of Well Under Contract—Liability in Tort for Damage to Well.**

One who undertakes, pursuant to an oral agreement, "to shoot" an oil well by the use of nitroglycerin for another comes into such a relation to the owner of the well that he may be held liable in tort, in case he performs the services incumbent upon him by reason of such agreement in so negligent a manner as to damage or destroy the oil well.

**2. Same—Action "Ex Delicto."**

Where the transaction complained of had its origin in a contract, which places the parties in such a relation that in attempting to perform the promised service the tort was committed, then the breach of the contract is not the gravamen of the action. The contract in such case is mere inducement, creating the state of things which furnishes the occasion of the tort, and in all such cases the remedy is an action "ex delicto" and not an action "ex contractu."

**3. Same—Statute of Limitation Applicable.**

In this case plaintiffs' petition discloses that the transaction complained of, and the injury sustained resulting in damages, was the result of the negligent and unskillful manner in which the operator attempted to perform the services of "shooting" the well, incumbent upon him by reason of the contract, and the damages sought to be recovered are necessarily based upon the negligent acts of the defendant, and not upon a breach of the contract. Hence, we hold that the third subdivision of section 185, C. S. 1921, providing that certain character of actions shall be brought within two years, controls in this case, rather than the second subdivision of said section, which provides that "an action upon a contract, express or implied, not in writing," can only be brought within three years from the time when the cause of action arose.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Creek County; W. L. Eagleton, Assigned Judge.

Action by L. B. Jackson et al. against the Central Torpedo Company. Judgment for defendant, and plaintiffs appeal. Affirmed.

Thrift & Davenport, for plaintiffs in error.

G. C. Spillers and Donald Prentice, for defendant in error.

Opinion by JONES, C. This action was instituted in the district court of Creek county by the plaintiffs in error, as plaintiffs, against the defendant in error, as defendant, to recover certain sums of money as damages. Upon the trial of the case, the defendant interposed an objection to the introduction of evidence on the part of the plaintiffs for the reason—

"That the petition showed on its face the cause of action, if any, is barred by the statute of limitation."

This objection was sustained by the trial court, and plaintiffs' petition dismissed. It appears from the allegation of plaintiff's petition that the plaintiffs were the owners of and operating an oil well, which was producing about 25 barrels of oil per day, and that plaintiffs employed the defendant, Central Torpedo Company, to "shoot" the well in order, if possible, to increase the production thereof; that the defendant company promised and agreed to perform said services for a consideration of $61. Plaintiffs further allege that said defendant "held itself out to the public and to those plaintiffs as. being qualified, and expert in the performance of the duty .of shooting oil wells," and that there was an implied contract that defendants would shoot said oil well in the customary manner, and that the customary way of performing such services was

"to lower into the well a line known as a torpedo line, to which is attached what is known as a shell containing nitroglycerine, and to set shell at the bottom of the well and in the .oil producing sand, and at said last place to cause said nitroglycerin to be exploded in order to increase the production in the oil-bearing sand. That it is likewise the custom of said torpedo company to lower the shell to which the torpedo line is attached into the well by operating hand reels, in order that the said shell may be lowered slowly and always under the absolute control of the shooter."

Plaintiffs further allege that said company, acting through its agent, Oscar Bond, negligently and carelessly performed its duty, and breached the contract of employment, in that it undertook to lower a shell, containing ten quarts of nitroglycerin, in said well by attaching same to a short piece of torpedo line about 15 feet long, and that said line was attached to the bailer, which was attached to the sand line, and that same was lowered into the well by the operation of the sand reels, which appear to be a part of the oil well rigging, which is operated by the engine attached to said machinery, and in a manner not customary in the performance of said services; that by reason of the vibration caused by the sand line and bailer, the cap containing the nitroglycerin was unhooked, or became detached from the bailer at a distance of about 600 feet from the top of the well, and fell a distance of about 1,500 feet, striking the surface of the oil which stood about 500 feet from the bottom of the well, and that the nitroglycerin was caused to explode at that point, and that the explosion bursted and destroyed the casing, and that the plaintiffs were required and did expend large sums of money in an effort to repair the injuries sustained by reason of the explosion; that by reason of the bursting or splitting of the casing the water was permitted to come into the oil-bearing sand in said hole, and that their efforts to save or recover the well were futile, and the well was totally destroyed and lost. They further allege as damages the value of cost of drilling another well of the same depth as the well destroyed, in that vicinity, and the value of the well as it stood at the time defendant attempted to shoot same. The damages alleged in the aggregate exceed $40,000.

The court sustained the objections to the introduction of evidence upon the theory that the petition shows that the plaintiffs' action is one in tort, based on the carelessness and negligence of the defendant in attempting to carry out the contract, and is barred by the two-year statute of limitations, as set forth in one of the paragraphs of section 185, C. S. 1921, as follows:

"Within two years: An action for trespass upon real property; an action for taking, detaining, or injuring personal property, including actions for the specific recovery of personal property; an action for injury to the rights of another, not arising on contract and not hereinafter enumerated; an action for relief on the ground of fraud—the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud."

On the other hand, the appellants contend that their action is based upon the contract

of employment to shoot the well, and that the following paragraph of section 185, supra, should control:

"Within three years: An action upon a contract express or implied, not in writing; an action upon a liability created by statute, other than a forfeiture or penalty."

This suit was instituted more than two years, and less than three years, from the time when the cause of action arose, and the trial court was of the opinion that it was an action in tort, and not upon contract, and therefore barred by the two-year statute of limitation.

The appellant relies on the case of Howard v. Ritchie, 9 Kan. 102. This opinion does not discuss the facts in so far as the nature of the case is concerned, but holds that the trial court was in error in applying the two-year statute of limitation, "for taking, detaining, or injuring personal property. * * *" And that:

"The fact that the breach of the contract resulted in injury to specific personal property would not reduce the time within which an action might be brought below that which a party would have in case of any other breach of contract. That time, if the contract be in writing, is five years, otherwise three * * *"

—and reversed the judgment of the trial court. This authority apparently supports the contention of appellants, but the great weight of authority seems to be to the contrary.

The case of Herron v. Miller. 96 Okla. 59, 220 Pac. 36, was a suit for damages against the defendant for failure to deliver the plaintiff at her proper destination, according to the contract of transportation, and in the body of the opinion we find this language:

"The contract for transportation was mentioned in the petition, but simply as an inducement for the action and as showing that the plaintiff was rightfully upon a train at the time of the injury; but the action itself and the damages which plaintiff sought to recover were based, not upon breach of contract of transportation, but upon the negligent disregard of the duty which the defendant owed to the plaintiff."

The case of Fort Smith & Western R. Co. v. Ford, 34 Okla. 575, 126 Pac. 745, and numerous other authorities are cited in support of this rule. Some question might be raised as to whether or not rules which govern in suits against common carriers would be applicable in cases of this character, for the reason that the right of trans-

portation is not governed alone by the contract entered into by the passenger and the railway company. Railway companies transport passengers in conformity to a duty to the public as common carriers, and not necessarily because of the contract entered into by reason of the sale of a ticket, but we find another line of authorities which are more directly in point.

The case of Flint & Walling Manufacturing Co. v. Beckett, 167 Ind. 491, 79 N. E. 503, 12 L. R. A (N. S.) 924, is a case which appears to us to be very much in point. There the appellant had sold to the appellee a windmill, and entered into a contract to install same on the barn of the appellee, and it was alleged that said windmill was not properly installed, and that by reason of the negligent and careless manner in which appellant installed same, it fell upon the barn and materially injured same, and the appellee, plaintiff in the trial cour , brought a suit in damages based upon the negligence of appellant in installing said windmill. The appellant contended that the only duty it owed to appellee arose out of contract, and that as appellant was not engaged in a public employment, its obligation could only be enforced by an action on the contract, for a breach thereof, but the Supreme Court of Indiana held to the contrary. and in the first paragraph of the syllabus held:

"One who undertakes to erect a windmill on another's building comes into such a relation to him that he may be held liable in tort in case he does his work so negligently that the mill falls and injures the building."

And in the notes to said opinion. on page 925, the rule is announced as follows:

"If the transaction complained of had its origin in a contract which placed the parties in such a relation that in attempting to perform the promised service, the tort was committed, then the breach of the contract is not the gravamen of the suit. The contract in such case is mere inducement, creating the state of things which furnishes the occasion of the tort, and in all such cases the remedy is an action on the case. For illustration, take the contract of a carpenter to repair a house,—the implication of his contract is that he will bring to the service reasonable skill, good faith, and diligence. If he fails to do the work, or leaves the house incomplete, the only remedy against him is ex contractu; but suppose he, by want of care or skill, destroys or wastes material, or makes the repairs so unskillfully as to damage other portions of the house: this is tort, for which the con-

tract only furnished the occasion. Mobile L. Ins. Co. v. Randall, 74 Ala. 170."

This seems to be the correct rule, and in the instant case, we are inclined to the opinion that no cause of action arose by reason of a breach of the contract. The defendant was attempting to perform the contract, but performed it in an unskillful and negligent manner, and the injuries resulting were not the result of a breach of contract, but the result of negligence on the part of the defendant in the performance of the contract.

Some authorities go to the extent of holding that, under some conditions, both an action ex delicto and ex contractu will lie, and that the plaintiffs may elect, but from the nature of the injuries here complained of, we can conceive of no element of damage that might be based upon a breach of the contract; hence we conclude that the trial court was correct in holding that this action is one based upon tort and not upon breach of contract, and that the two-year statute of limitation applies rather than the three-year statute. We therefore hold that the judgment of the trial court should be and the same is hereby affirmed.

By the Court: It is so ordered.

Note.—See under (1) 40 C. J. p. 1133 § 763 (Anno). (2) 1 C. J. p. 1017 § 139; 38 Cyc. p. 428. (3) 37 C. J. p. 772 § 107.