## SEANOR v. BROWNE.

No. 20678. Opinion Filed Jan. 26, 1932.

Wieck & Armstrong and D. E. Hodges, for plaintiff in error.

W. R. Withington and David L. Carter, for defendant in error.

CLARK, V. C. J. This is an action commenced in the district court of Kay county by plaintiff in error herein against defendant in error herein. The parties, appearing

here as they appeared in the trial court, will be designated plaintiff and defendant.

The plaintiff alleged in her petition as follows:

"1. That the said defendant at all times herein mentioned and prior thereto was a practicing physician and surgeon duly licensed to and practicing his profession in Ponca City, Kay county, Okla., and at all times herein mentioned represented himself to be well informed and skillful in the operation of a certain machine, designated as an X-ray machine, and that said defendant held himself out to the public in general and to this plaintiff in particular as having a thorough knowledge of the operation of such machine and its skillful use in the treatment of physical ailments, illness and disease of the human body and of the effect of X-ray produced by said machine upon the human body.

"2. Plaintiff alleges that sometime prior to the 1st day of January, 1923, she has suffered a slight fracture of and to the tibia or shin bone of the right leg; that on or about the ___ day of _____, 1925, the exact date being at this time unknown to plaintiff, the said plaintiff at the special instance and request of the said defendant, retained and employed the said defendant for a reasonable fee and compensation to be paid therefor as such physician and surgeon and operator of such X-ray machine to properly treat such injury above mentioned and to attend to, cure, and heal the same; and the said defendant then and there undertook and entered upon said retainer and employment and orally contracted and agreed to carefully and skillfully attend to, treat, and cure said injury and orally agreed to apply said X-rays in a careful and skillful manner to said injury; and plaintiff alleges that pursuant to said agreement so entered into between the plaintiff and defendant, she submitted and subjected herself to treatments given by said defendant up to about the 19th day of January, 1926.

"3. Plaintiff further alleges that instead of the said defendant being skillful in the operation of said machine and instead of having a thorough knowledge of the operation of said machine, and the effect which said machine and rays thereby produced would have upon plaintiff when placed upon the injured portion of her limb hereinabove described, and wholly disregarding the said agreement hereinbefore alleged and contrary to such agreement, the defendant unskillfully, carelessly, and negligently operated said X-ray machine and did so unskillfully, carelessly, and negligently, contrary to his agreement, apply and give such treatments to this plaintiff in that said defendant did, on or about the 16, 17, 18 and 19 day of January, 1926, and on each of said days, apply said rays and X-ray treatment too often, too long at a treatment, and with too much power and severity so that instead of producing a cure of said injury and instead of properly and skillfully treating said injury, as agreed to, the said defendant did in fact aggravate said injury and by such carelessness and unskillful operation of said machine and by said treatments did grievously burn and sear the flesh of said limb and did further burn the bone of said limb at and around said prior injury to such an extent that said plaintiff was unable to use said limb and was confined to the hospital for a period of about six months and necessitated painful operations and treatments by physicians and surgeons in order to relieve the condition so caused by said defendant.

"4. Plaintiff further alleges and states that by reason of the treatments and injuries so given and inflicted and by reason of the defendant in failing to properly care for and treat said injury, this plaintiff was unable to earn her livelihood since on or about the 19th day of January, 1926, and up to the time of the filing of this action, and that the said injury is permanent and she will never be able to enjoy the use of her limb as she had before said treatments and injury and that by reason thereof plaintiff has suffered great physical pain and mental pain and anguish.

"5. Plaintiff further alleges that at all times mentioned in this petition and prior thereto she was and is now a duly licensed chiropractor, and that up to or on or about the 19th day of January, 1926, she was engaged in the practice of her profession in Ponca City, Okla.; that prior to the said 19th day of January, 1926, she was earning approximately $500 per month from the practice of her profession, but that since said date last mentioned she has been unable to pursue the practice of her profession or engage in any occupation and that her earning capacity ceased, and plaintiff alleges that by reason thereof she has been damaged in the sum of $25,000.

"6. The plaintiff further alleges that by reason of the failure of said defendant to comply with his said agreement and by reason and on account of the injuries so carelessly and negligently inflicted, she has been compelled to employ and retain physicians and surgeons and on that account thereof she has incurred and paid for necessary medical and surgical care and attention the sum of $2,100, and has further incurred and paid for necessary hospital expense the sum of $1,000; and plaintiff alleges that she paid to said defendant for his fees and treatments the sum of $350.

"7. Plaintiff further alleges that by reason of the mutilation of her said limb and by reason of the physical pain and discomfort caused by the failure of said defendant to properly care for, treat, and cure said plaintiff as agreed to by said defendant, she has suffered damages in the sum of $10,000.

"Wherefore, plaintiff prays judgment

224

against said defendant in the sum of $38,-450, and for the costs of this action."

To the petition of plaintiff defendant filed demurrer on the grounds:

"1. That the petition fails to state sufficient facts to constitute a cause of action in favor of the plaintiff and against this defendant.

"2. That there is a misjoinder of causes of action.

"3. That this cause of action is barred by the statute of of limitation as the same. appears and is set forth, and is disclosed upon the face of the petition."

Which demurrer was sustained, plaintiff elected to stand upon her petition, and petition was dismissed by the court, to which plaintiff excepted, gave notice of appeal, and brings the cause here for review.

Plaintiff in error contends that the only question to determine is as to the proper form of an action for malpractice. That is, is such an action ex contractu or ex delicto? And further contends that a recovery for malpractice may be had either in an action in contract or an action in tort, at the election of the injured party, and that this action is based upon a breach of contract, and governed by subdivision 2, sec. 185, C. O. S. 1921, three-year statute, and therefore not barred by the statute of limitations, and therefore the court erred in sustaining the demurrer of defendant and dismissing plaintiff's petition.

Defendant in error contends that the sole and only question is whether or not the plaintiff's cause of action is barred by the statute of limitations. If the two-year statute applies, the cause of action is barred. If the three-year statute applies, the cause of action is not barred; and contends that the plaintiff's action is one for negligence and damages for personal injury, and governed by the two-year statute of limitations.

The cause or causes of action of plaintiff accrued on the 19th day of January, 1926, as shown by the petition.

Section 185, subdivisions 2 and 3, C. O. S. 1921, read as follows:

"Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards: * * *

"Second: Within three years: An action upon a contract expressed or implied, not in writing; an action upon a liability created by statute, other than a forfeiture or penalty.

"Third: Within two years: An action for trespass upon real property; an action for

taking, detaining or injuring personal property, including actions for the specific recovery of personal property; an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated; an action for relief on the ground of fraud —the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud."

The petition was filed and summons issued on the 12th day of October, 1928, and service thereof was had on the defendant on the 15th day of October, 1928.

The statute for negligence or personal injury cases is subdivision 3 of section 185, supra, which can only be brought within two years after the cause of action shall have accrued, and the cause of action alleged in the petition having accrued more than two years prior to the commencement of this action, the plaintiff was barred from bringing said action in tort.

In the case of Ericson v. Charles (Kan.) 194 Pac. 652, the court said in the first paragraph of the syllabus:

"An action for malpractice in which it is alleged in substance that the defendant, in disregard of his obligations as a surgeon, performed an operation upon the plaintiff in a negligent manner, and not in accordance with the custom and practice followed by good, reputable, and ordinarily prudent surgeons, with a result that she suffered great pain and injury, for which she asked damages, is one arising on tort, and not on contract, and the statutory limitation of two years applies to such action."

The Kansas statutes of limitations with reference to the bringing of actions are the same as our statutes with reference thereto.

In the case of Shuman v. Drayton, 14 Ohio Circuit Court Reports, 328 in the third paragraph of the syllabus, the court said:

"A cause of action for injuries from malpractice does not arise on contract, but is based on the negligent conduct of the person sought to be charged in omitting to exercise due care or skill. * * *"

The Ohio statute (Rev. Stat. sec. 4982, now Gen. Code, sec. 11224) reads as follows:

"Within four years. An action for an injury to the rights of plaintiff, not arising on contract and not hereinafter enumerated"

—which is in practically the same language as our two-year statute, subdivision 3 of section 185, supra, with reference to actions for injury to the rights of another.

In the case of Hales v. Raines (Mo.) 141 S. W. 917, in the fifth paragraph of the syllabus, the court said:

"Where in a suit against a physician for malpractice in burning plaintiff's hand with

an X-ray, plaintiff alleged that he employed defendant for a reasonable compensation to treat his right hand for eczema, and that defendant so negligently performed the treatment that plaintiff's hand was burned and injured, the petition alleged a cause of action in tort and not for breach of contract, the allegation as to the contract of employment being mere inducement."

In the case of White v. Hirshfield, 108 Okla. 263, 236 P. 406, in the syllabus, this court said:

"In an action for damages brought by a patient against a physician and surgeon for performing an unnecessary operation upon the plaintiff, and such operation being without the consent of the plaintiff, the plaintiff may waive the right of action for technical assault and battery and bring an action for injury to his person by reason of such acts constituting malpractice and a violation of duty as between the physician and the patient, and in such case the statute of limitation which fixes two years as the time in which action for injury to a person may be brought is applicable, and not the limitation of one year fixed by the statute in actions for assault and battery."

This latter case cites the case of Ericson v. Charles (Kan.) supra, with approval.

We are of the opinion that an action for malpractice for negligence, carelessness, and unskillfullness of a physician, in treating a patient, though based upon a contract of employment, is an action in tort and governed by the two-year statute of limitations, as the contract of employment is merely the inducement and right of the physician to treat the patient.

In the case at bar, while the gravamen of the action as pleaded in the petition is in tort, yet the plaintiff pleads a special oral contract as set out in paragraph 2 of the petition whereby defendant agreed to "cure" the injury of plaintiff "for a reasonable fee and compensation," and further alleged in said petition a failure of the defendant to perfect said "cure"; and further alleged that plaintiff had paid to the defendant for his fees and treatments the sum of $350.

It is fundamental that a general demurrer addressed to the whole of a pleading should be overruled, if the pleading demurred to states facts entitling the party pleading to any of the relief claimed, and under the pleading in the case at bar alleging the defendant agreed by oral contract to cure her injury and had failed to perform said cure, and alleged the amount paid for such services, we are of the opinion that the general demurrer to the petition should have been overruled.

Judgment of the trial court sustaining the demurrer and dismissing the petition is reversed, with directions to the trial court to overrule the demurrer and reinstate said cause.

LESTER, C. J., and HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. RILEY, J., not participating.