MADDOX, Justice.
Cecil C. Wright appeals the trial court’s granting defendant Walter Isham’s motion to dismiss his complaint which Wright originally filed on January 5,1976, and amended on November 30, 1976, to read as follows:
“Plaintiff claims of the Defendant Twenty-five Thousand and No/100 ($25,000.00) Dollars as damages for that heretofore on, to-wit the 14th day of December, 1974, the Plaintiff contracted with the Defendant for a valuable consideration paid by the Plaintiff to the Defendant to install a heating unit in his home at 5504 Topanga Street, Mobile, Alabama and the Defendant so negligently failed properly to perform his contract with the Plaintiff that a fire was caused or allowed to occur in the homeplace of your Plaintiff, causing considerable and permanent damage thereto; your Plaintiff was caused to expend extra monies for living expenses, repair the homeplace and most of its furniture and furnishings, all of which are the direct and proximate result and consequence of the Defendant’s failing properly to perform the contract with the Plaintiff and all for which the Plaintiff claims damages of the said Defendant in the amount aforesaid, plus interest and costs.”
The trial court determined that the complaint sounded in tort, and that the complaint affirmatively showed that the cause is barred by the one-year statute of limitations contained in Title 7, Sec. 26, Code of Alabama 1940. We reverse.
The sole issue we decide on this appeal is that the complaint should not have been dismissed for failure to state a claim. The complaint should not have been dismissed on this ground. Carter v. Calhoun County Bd. of Ed., 345 So.2d 1351 (Ala.1977). Obviously, the plaintiff has the burden of proving the allegations of his amended complaint, which sound in contract, and his recoverable damages, if proven, would be *354 measured by the law governing damages in contract actions.
REVERSED AND REMANDED.
TORBERT, C. J., and JONES, SHORES and BEATTY, JJ., concur.