**FLINT RIDGE DEVELOPMENT COMPANY, INC., an Oklahoma corporation, and Frates Development Company, an Oklahoma corporation, d/b/a Flint Ridge Development Company, an Oklahoma general partnership, Appellants,**

v.

**BENHAM–BLAIR AND AFFILIATES, INC., a foreign corporation, and d/b/a Holway and Associates: and W.N. Holway and Gary T. Spragins, individually and d/b/a Holway and Associates, Appellees.**

No. 60204.

Supreme Court of Oklahoma.

March 28, 1989.

Rehearing Denied July 12, 1989.

Jerry M. Melone and Robert L. Shepherd, Tulsa, for appellants.

Crawford, Crowe & Bainbridge, P.A. by Harry M. Crowe, Jr., Tulsa, for appellees.

LAVENDER, Justice:

Appellant, Flint Ridge Development Company, filed its petition initiating this action on January 20, 1982. The petition alleged that in April 1973 appellant entered into a contract with appellees. Under the contract's provisions appellees were to furnish architectural, engineering and construction supervision services in the development of a 7,000 acre residential subdivision being developed by appellant. Appellant's petition alleged that appellees had breached the contract in the following particulars:

A. Insufficient care and expertise were given to the design of Deer Lake Dam.

B. Improper attention and expertise were given to the design of Deer Lake Dam in order to avoid water seepage through, under, and around the dam.

C. Failure to properly design, plan, supervise, and observe construction of the facility and improvements including, but not limited to, Deer Lake Dam.

D. Improper design, supervision, and construction of the water drain system at Clear Creek Lake.

E. Improper water line installation.

F. Defective and erroneous survey and platting of lots and streets.

G. Generally unprofessional inattention to the duties and responsibilities of defendants under the contract.

And, as to the damages said to have been suffered:

As a direct result of the breach of contract by the defendants, plaintiff has suffered damages for cost of repair and attempted repairs of the Deer Lake Dam; cost of resurvey of lots; cost of resurvey and platting of streets; loss of sale of lots which were improperly surveyed; redesign and installation of water facilities from Clear Creek Lake; decrease in value of lots surrounding Deer Lake; inability to sell lakefront lots around Deer Lake; cost of either total and complete repair or total and complete reconstruction of Deer Lake Dam....

A limitations defense was initially raised in the answer filed by appellees to appellant's petition and first amended petition. Appellees subsequently presented a motion for summary judgment following discovery in the case. In support of their motion for summary judgment appellees argued that the two year statute of limitations govern-

ing actions in tort[1] governed in this case. Appellees argued that appellant's claims were tort-based as allegedly resulting from appellees' negligent performance of duties arising out of the contractual relationship. Appellees presented a list of facts supported by affidavit to establish the various dates upon which the activities mentioned in appellant's petition occurred and on which the various projects covered by the contract were completed. Appellees cited Oklahoma law establishing that an action for faulty design and supervision begins to run on the completion of the construction.[2]

In response to appellees' motion for summary judgment appellant argued that it had the choice of bringing an action arising out of the failure to perform the obligations imposed by the contract with reasonable care and skill in either tort or contract,[3] and that it had chosen contract. Appellant also argued that the duties alleged to have been breached by appellees arose from a written contract and were therefore governed by the five year limitations period provided by 12 O.S.1981 § 95 (First). Appellant did not contest the factual contentions made in the motion for summary judgment.

The trial court entered judgment for appellees, finding appellant's action to be brought in tort and governed by the two year statute of limitations. The trial court ruled that each of the actionable events alleged by appellant had occurred more than two years prior to the bringing of the action and therefore recovery of damages on these claims was time-barred.

On appeal the basic arguments presented by the parties below are reurged. Appellant again argues that under Oklahoma law the breach of contractual obligations may give rise to an action both in tort and in contract and that a party is not required to elect between the two in its pleadings. Appellees argue that here appellant has alleged only a breach of duties implied as a result of the contractual relationship and has sought damages recoverable only in a tort action and that therefore the trial court properly held the action to have been brought exclusively in tort.

While both arguments have merit, on review of the present case we find that the grant of summary judgment in the matter was not proper.

Oklahoma law has long recognized that an action for breach of contract and an action in tort may arise from the same set of facts.[4] The argument presented by appellees is that where the action alleged arises solely from a breach of an obligation imposed by law as a result of the contractual relationship, and the damages sought are those associated with an action in tort rather than an action on the contract, this Court has held the gravamen of the action to be in tort and thus governed by principles, including limitations, which control actions in tort.[5]

Our review of case law on this point reveals an evolution of a view which we have found to be clearly put forth by the Supreme Court of Oregon in a discussion of the same question in a factually similar case: [6]

Thus the statutes and the precedents leave us with several variations when an action for damages against one engaged to provide professional or other independent services is commenced after two

---

**1.** 12 O.S.1981 § 95 (Third).

**2.** *Wills v. Black and West, Architects,* 344 P.2d 581 (Okla.1959).

**3.** *Keel v. Titan Construction Corp.,* 639 P.2d 1228 (Okla.1982).

**4.** See e.g. *Keel v. Titan Construction Corp.,* supra; *Morriss v. Barton,* 200 Okla. 4, 190 P.2d 451 (1948); *Oklahoma Natural Gas v. Pack,* 186 Okla. 330, 97 P.2d 768 (1939); *Jackson v. Central Torpedo Co.,* 117 Okla. 245, 246 P. 426 (1926); *Hobbs v. Smith,* 27 Okla. 830, 115 P. 347 (1911).

**5.** Citing *Jackson v. Central Torpedo Co.,* supra, and *Morriss v. Barton,* supra, as well as cases involving attorney and medical malpractice, e.g., *Edwards v. Andrews, Davis, Legg, Bixler, Milsten & Murrah, Inc.,* 650 P.2d 857 (Okla. 1982); *Seanor v. Browne,* 154 Okla. 222, 7 P.2d 627 (1932).

**6.** *Securities–Intermountain, Inc., v. Sunset Fuel Co.,* 289 Ore. 243, 611 P.2d 1158, 1167 (1980).

years and is pleaded as a breach of contract. If the alleged contract merely incorporates by reference or by implication a general standard of skill and care to which the defendant would be bound independent of the contract, and the alleged breach would also be a breach of this noncontractual duty, then ORS 12.-110 [the two year general statute of limitation covering most tort claims] applies. *Dowell v. Mossberg,* supra [226 Or. 173, 355 P.2d 624, 359 P.2d 541 (1961)]. Conversely, the parties may have spelled out the performance expected by the plaintiff and promised by the defendant in terms that commit the defendant to this performance without reference to and irrespective of any general standard. Such a defendant would be liable on the contract whether he was negligent or not, and regardless of facts that might excuse him from tort liability. Or the nature either of the defendant's default or of the plaintiff's loss may be of a kind that would not give rise to liability apart from the terms of their agreement. In such cases, there is no reason why an action upon the contract may not be commenced for the six years allowed by ORS 12.080. Again, the scope of the damages demanded may characterize a complaint as founded in tort rather than in contract. *Ashmun v. Nichols,* supra [92 Or. 223, 178 P. 234, 180 P. 510 (1919)]; *Goodman v. Fernald,* supra [154 Or. 654, 61 P.2d 1253 (1936)]. But if the complaint nonetheless alleges the necessary elements of an action for breach of contract, including the alleged injury, nothing in the statutes prevents proceeding on that theory and limiting the damages accordingly. (footnote omitted)

It should be noted in connection with the *Jackson v. Central Torpedo Co.,* 117 Okla. 245, 246 P. 426 (1926), case that at the time that case was decided a plaintiff was required to elect whether he wished to proceed in contract or in tort. He is not now so required, 12 O.S.1981 § 264.1. The Court in considering that case was presented with a petition which alleged a cause of action in tort. There the Court did not hold that the defendant might nevertheless have been liable for some damages for breach of his agreement. The recovery of those damages would not have been affected by the shorter statute of limitations. The plaintiff sued for the value of the well and could not recover because such recovery was barred. It could also be said that at the time of the decisions referred to in the *Central Torpedo* opinion it was important to decide whether the plaintiff's remedy was in contract or in tort. That decision does not now need to be made until the trier of fact assesses the damages which the plaintiffs will be entitled to recover. If the right to recover all of the plaintiffs' damages is affected by the fact that the statute of limitations is applicable to damages recoverable only in a tort action the jury will have to be so instructed by the trial court.

In the present case we find the granting of summary judgment to be improper.[7]

■ Here appellant has pled that because of appellees' faulty performance under the contract the completed projects are not what appellant had bargained for. Assuming that appellant had sought damages in its petition normally recoverable only in tort, appellant also made claims for damages clearly recoverable under contract theory; for example, the costs of bringing the completed projects back into compliance with the standard of construction intended by the contract. In this regard we find an instructive parallel in the Supreme Court of Arizona's treatment of the question in a suit on a residential construction contract: [8]

[W]e agree with those jurisdictions that have held that injury incurred due to negligent construction of a residence

---

7. A motion for summary judgment should be denied if a question of fact exists or if reasonable men might draw different conclusions from undisputed facts. *Flick v. Crouch,* 434 P.2d 256 (Okla.1967).

8. *Woodward v. Chirco Construction Co., Inc.,* 141 Ariz. 514, 687 P.2d 1269, 1270, 1271 (1984). See also *Wright v. Sears, Roebuck & Co.,* 355 So.2d 353 (Ala.1978); *Sears, Roebuck & Co. v. Enco Associates, Inc.,* 43 N.Y.2d 389, 401 N.Y. S.2d 767, 372 N.E.2d 555 (1977); *Jim Walter Homes, Inc. v. Reed,* 711 S.W.2d 617 (Tex.1986).

may give rise to an action for breach of the implied warranty of workmanlike performance and habitability and an action for breach of the contractor's common law duty of care. *Cosmopolitan Homes, Inc. v. Weller,* 663 P.2d 1041 (Colo.1983); *Cline v. Sawyer,* 600 P.2d 725 (Wyo.1979), appeal after remand, 618 P.2d 144 (1980); *Tavares v. Horstman,* 542 P.2d 1275 (Wyo.1975). See *McFeeters v. Renollet,* 210 Kan. 158, 500 P.2d 47 (1972); *Gilley v. Farmer,* 207 Kan. 536, 485 P.2d 1284 (1971); *Ferguson v. Town Pump, Inc.,* 177 Mont. 122, 580 P.2d 915 (1978). We believe this view fosters the policy considerations behind recognition of the warranty as discussed in *Columbia Western Corp. v. Vela,* 122 Ariz. 28, 592 P.2d 1294 (App.1979) and *Richards* [*v. Powercraft Homes, Inc.*], supra [139 Ariz. 242, 678 P.2d 427 (1984)]. We see no reason to preclude a purchaser from claiming damages in contract and in tort. The purchaser of a home can seek to recover in contract for defects in the structure itself as such defects render the home less than the purchaser bargained for. See *Duncan v. Schuster–Graham Homes, Inc.,* 194 Colo. 441, 446, 578 P.2d 637, 640 (1978) ("[W]here the plaintiff seeks only to receive what the builder promised to deliver, or damages to compensate him for [structural] deficiencies in the final product, [the action] arises from the contract of sale between t parties and is basically contractual in nature."). The purchaser can also seek to recover in tort for injuries sustained due to the contractor's failure to construct the home as a reasonable contractor would. For example, if a fireplace collapses, the purchaser can sue in contract for the cost of remedying the structural defects and sue in tort for damage to personal property or personal injury caused by the collapse. Each claim will stand or fail on its own; a distinct statute of limitation applies to each....

We find this view to be in accord with prior Oklahoma cases in which the application of

the appropriate statute of limitations was at issue.[9] In prior cases in which an action based on negligence arising in the context of contract has been involved, the damages alleged have been injury to person or to property resulting from the negligence. To put this in the terms of the Oregon court, in each case there has been a breach of a general standard of care which has resulted in injuries beyond the particular matter of the contract.

■ In the present case the action pled by appellant seeks recovery for defective performance of the duties expected to be carried out by appellees under the contract. Although the scope of damages sought could be considered beyond those recoverable under contract theory, this of itself does not preclude the action from being brought under such a theory. It is rather for the trial court to appropriately limit the scope of the damages available under the appropriate theory. Here appellant's action could not be held to be tort-based as a matter of law and, as a result, factual questions exist as to the claims of breach of contract presented by appellant.

Appellees have alternatively argued to this Court that if appellant is found to have properly presented an action on the contract that questions of severability of the contract as well as its scope should be addressed. We decline to do so. Since we find that the matter must be remanded we find that these issues are appropriate for consideration by the trial court.

REVERSED and REMANDED for further proceedings consistent with the views expressed in this opinion.

OPALA, V.C.J., and HODGES, SIMMS, DOOLIN, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.

HARGRAVE, C.J., dissents.

**9.** *Jackson v. Central Torpedo Co.,* supra; *Seanor v. Browne,* supra; *Funnell v. Jones,* 737 P.2d 105

(Okla.1985).