2003 OK 35

**Bill FINNELL and Sandra Finnell, Plaintiffs/Appellees,**

v.

**Jebco SEISMIC and Jebco Seismic L.P., Defendants/Appellants,**

and

**PGS ONSHORE, INC., Third–Party Defendant/Appellant.**

No. 97,342.

Supreme Court of Oklahoma.

April 1, 2003.

Jack W. Ivester and Thomas S. Ivester, Ivester, Ivester & Ivester, Sayre, Oklahoma, for Appellees.

Mitchell A. Hallren, Fairview, Oklahoma, for Appellants.

OPALA, V.C.J.

¶1 The dispositive issues tendered on certiorari are (1) do the terms of 12 O.S.2001, § 940 entitle plaintiffs/appellees to a counsel-fee award? and if so, (2) is the fee that was awarded reasonable? We answer both questions in the affirmative.

I

## ANATOMY OF LITIGATION

¶2 Jebco Seismic, Inc. (Jebco) entered into an agreement in late 1997 or early 1998 with Bill Finnell (Finnell) which granted permission to Jebco and/or its assigns to conduct a 3–D seismic survey on Finnell's property.[1] As consideration for Finnell's permission to conduct the survey and as compensation for normal and customary damage to the land, Jebco agreed to pay Finnell $5,200.00 plus damages to specified crops. The contract recites that Jebco will conduct the survey "in accordance with good standard practices and in a prudent and careful manner."

¶3 The survey was conducted (at least in part) by Jebco's assignee, PGS Onshore, Inc. (PGS). When Finnell discovered that the survey had caused injury to his property beyond that covered by the agreed compensation, he demanded that Jebco pay for the damages. Jebco refused. Finnell then brought suit against Jebco in the District Court, Beckham County, seeking monetary damages in the amount of $74,000.00.

¶4 Before Jebco filed its answer, the parties stipulated to an amendment to the petition to add Jebco Seismic L.P. as a defendant (Jebco and Jebco Seismic L.P. will together be referred to as Jebco). Jebco denied Finnell's claim and filed a third-party petition against PGS,[2] alleging that damages, if any, to Finnell's property were caused by the third-party defendant, and not Jebco. Finnell then amended his petition to state his claim against Jebco Seismic, Jebco Seismic, L.P., and PGS (defendants). PGS denied causing any damage to Finnell's property.

---

1. Although the letter-agreement was addressed to both Finnell and his wife, Sandra, only Finnell's signature appears on the instrument.

2. The procedure governing third-party petitions is set forth in 12 O.S.2001, § 2014.

The petition was again amended by stipulation to add Sandra Finnell, Finnell's wife, as a party plaintiff (plaintiffs or the Finnells).

¶ 5 Prior to trial Jebco and PGS admitted liability,[3] leaving only the damages issue for resolution. That issue was tried to a jury and a verdict for plaintiffs in the amount of $26,000.00 was returned. Judgment was entered against defendants, and PGS was ordered to hold Jebco harmless from the judgment.

¶ 6 Plaintiffs timely applied for an attorney's fee award pursuant to the provisions of 12 O.S.2001, § 940 (§ 940).[4] Defendants objected. After hearing argument and evidence, the trial court awarded plaintiffs an attorney's fee in the amount of $17,005.00.[5] Defendants appealed. The Court of Civil Appeals, Division II, reversed, holding that the gravamen of plaintiffs' claim was breach of contract and that § 940 does not apply to a contract claim. Plaintiffs sought certiorari. We now vacate the appellate court's opinion and affirm the trial court's attorney's fee award.

## II

### STANDARD OF REVIEW

¶ 7 Two issues are presented on certiorari. The first is whether plaintiffs' claim entitles them to an attorney's fee award under the provisions of § 940. This issue presents a question of law which we review *de novo*. The court has plenary, independent, and non-deferential authority to re-examine a trial court's legal rulings.[6]

¶ 8 The second issue, which need be decided only if plaintiffs are entitled to the statutory award in the first instance, is whether the fee awarded is reasonable. The amount to be awarded as a fee for the services of a legal practitioner is a matter left to the discretion of the trial court and will not be disturbed absent an abuse of discretion.[7] Discretion is abused when a trial judge makes a clearly erroneous conclusion and judgment, against reason and evidence.[8]

## III

### PLAINTIFFS ARE ENTITLED TO A COUNSEL–FEE AWARD UNDER THE PROVISIONS OF 12 O.S. 2001, § 940

¶ 9 The provisions of § 940 state in pertinent part:

"A. In any civil action to recover damages *for the negligent or willful injury to property* and any other incidental costs related to such action, the prevailing party shall be allowed reasonable attorney's fees, court costs and interest to be set by the court and to be taxed and collected as other costs of the action." (emphasis added)

¶ 10 As the prevailing party in this action, plaintiffs applied for an attorney's fee award in reliance on this section, characterizing their claim to be for a money judgment for the physical injury to property.[9] Defen-

---

3. Because this is an appeal from the post-judgment attorney's fee award, the appellate record omits all trial-related paperwork between the initial pleadings and the instructions to the jury. It is by the jury instructions that we are informed that defendants as well as the third-party defendant admitted liability.

4. For the provisions of § 940, *see* the opening text of Part III.

5. Plaintiffs also sought and obtained their costs in the amount of $1,481.66. Defendants' appeal does not challenge the costs award.

6. *Kluver v. Weatherford Hosp. Auth.*, 1993 OK 85, ¶ 14, 859 P.2d 1081, 1083 ("[i]ssues of law are reviewable by a de novo standard and an appellate court claims for itself plenary independent and non-deferential authority to reexamine a trial court's legal rulings"); *Salve Regina College v.*

*Russell*, 499 U.S. 225, 231, 111 S.Ct. 1217, 1221, 113 L.Ed.2d 190 (1991).

7. *CNA Ins. Co. v. Krueger, Inc.*, of Tulsa, 1997 OK 142, ¶ 19, 949 P.2d 676, 680; *Green Bay Packaging, Inc. v. Preferred Packaging, Inc.*, 1996 OK 121, ¶ 32, 932 P.2d 1091, 1097; *Southwestern Bell Telephone Co. v. Parker Pest Control, Inc.*, 1987 OK 16, ¶ 18, 737 P.2d 1186, 1189; *State ex rel. Burk v. City of Okla. City*, 1979 OK 115, ¶ 22, 598 P.2d 659, 663.

8. *Green Bay Packaging, Inc.*, *supra* note 7 at ¶ 32, at 1097; *Broadwater v. Courtney*, 1991 OK 39, ¶ 7, 809 P.2d 1310, 1312.

9. In *Woods Petroleum Corp. v. Delhi Gas Pipeline Corp.*, 1984 OK 94, 700 P.2d 1011, we held that an attorney's fee is recoverable under § 940 only in those actions for damages for negligent or

dants challenged the application, arguing that § 940 was inapplicable to plaintiffs' claim because their petition's allegations pressed only a demand for breach of contract, and not one "to recover damages for the negligent or willful injury to property" as required by § 940.[10] The trial court overruled defendants' objection and granted plaintiffs a fee for their attorney's services. We find no error in this ruling.

¶ 11 This court remains committed to the American Rule in assessing litigation expenses against a vanquished opponent.[11] Except where a statute or contract provides otherwise, or where litigation misconduct calls for the exercise of a tribunal's equitable power to assess expenses incurred in litigation-related misconduct,[12] every litigant is responsible for his (or her) own litigation costs, including the obligation to pay for an attorney's services.[13] The parties in this case did not contract for one or the other to pay the costs of a lawsuit nor was there any allegation of litigation misconduct. Hence, plaintiffs may secure an attorney's fee only if that award is authorized by statute. Accordingly, the question for our review is whether plaintiffs' action is one "to recover damages for the negligent or willful injury to property" as required by § 940. We hold that it is.

¶ 12 With the adoption of the Oklahoma Pleading Code in 1984, Oklahoma became a notice pleading state.[14] Notice pleading requires of the petition only that it give "fair notice of the plaintiff's claim and the grounds upon which it rests." [15] This requirement is contained in the provisions of 12 O.S.2001, § 2008(A), which direct a party to set forth a short and plain statement of the claim consisting of simple, concise, and direct averments showing that the pleader is entitled to relief.[16] For most claims, the use of terms of art or legal phraseology is no longer necessary.[17] This state's notice pleading regime abolishes any requirement that a litigant correctly identify a theory of recovery or describe the remedy affordable for an asserted right's vindication.[18] The doctrine of mandatory election of remedies is now an anachronism.[19] At the submission stage, the

---

willful *physical* injury to property. *Id.* at ¶ 13, at 1013.

10. The relevant allegations of plaintiffs' petition are as follows:

"2. On or about February 3, 1998, the Plaintiff entered into a written contract with the Jebco Seismic L.P. The contract was to be performed in Beckham County, Oklahoma. PGS Onshore, Inc. substantially performed the geophysical activity stated in the contract. The contract is attached as Exhibit "A" and made a part hereof. Plaintiff has incurred damages in the amount of $74,000 resulting from the contract.

3. That demand has been made upon the Defendants for payment of damages resulting from work done under the contract and payment has not been received."

11. *See Morgan v. Galilean Health Enterprises, Inc.,* 1998 OK 130, ¶ 11, 977 P.2d 357, 362–63; *Barnes v. Okla. Farm Bur. Mutual Ins. Co.,* 2000 OK 55, ¶ 46, 11 P.3d 162, 178–79; *Moses v. Hoebel,* 1982 OK 26, ¶ 5, 646 P.2d 601, 603.

12. *State ex rel. Tal v. City of Okla. City,* 2002 OK 97, ¶ 26, 61 P.3d 234, 247.

13. *Morgan, supra* note 11 at ¶ 11, at 362; *TRW/ Reda Pump v. Brewington,* 1992 OK 31, ¶ 13, 829 P.2d 15, 22.

14. *See* the provisions of 12 O.S.2001, § 2001 *et seq.*

15. *Delbrel v. Doenges Bros. Ford, Inc.,* 1996 OK 36, ¶ 3, 913 P.2d 1318, 1320.

16. Title 12 O.S.1991 2008(A) provides in pertinent part:

"A. CLAIMS FOR RELIEF. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim or third-party claim, shall contain:

1. A short and plain statement of the claim showing that the pleader is entitled to relief; and

2. A demand for judgment for the relief to which he deems himself entitled. . . . . ."

17. *Niemeyer v. United States Fidelity and Guaranty Co.,* 1990 OK 32, ¶ 5, 789 P.2d 1318, 1321.

18. *Silver v. Slusher,* 1988 OK 53, ¶ 5, n. 7, 770 P.2d 878, 881 n. 7, *cert. denied, Silver v. Farmers and Merchants Ins. Co.,* 493 U.S. 817, 110 S.Ct. 70, 107 L.Ed.2d 37 (1989); *Doss Oil Royalty Co. v. Texas Co.,* 1943 OK 154, ¶ 21, 137 P.2d 934, 939 (decided under the Code of Civil Procedure, 12 O.S.1981, § 1 et seq.).

19. Although the Code of Civil Procedure, which governed Oklahoma pleading before its repeal in 1984, was designed to eliminate some of the extreme technicalities of common-law procedure, a pleader was still required to elect between inconsistent remedies. With the enactment of the federal notice pleading regime, the

court must charge the jury on all theories of recovery the evidence may support.[20] The court will craft the available relief which the facts justify.[21]

¶ 13 Oklahoma law has long recognized that an action for breach of contract and an action in tort may arise from the same set of facts.[22] The court has held that where a contract is the mere inducement creating the state of things that furnishes the occasion for a tort, the tort, not the contract, is the basis of the action.[23] This is so because there is inherent in every contract a common-law duty to perform its obligations with care, skill, reasonable experience and faithfulness.[24] A person injured by the substandard performance of a duty derived from a contractual relationship may rely on a breach-of-contract or tort theory, or both, but even if the evidence supports both, the claimant can achieve but a single recovery.[25] In the instant case, the contract contains an express undertaking to perform in a prudent and careful manner. Its terms hence provide a basis for recovery for a breach of contract. At the same time, the contract provides the factual background for a claim *ex delicto*, the basis of which is defendants' tortious conduct in the performance of a duty derived from the contractual relationship.[26] *The petition's allegations give adequate notice of the dual nature of plaintiffs' claim.*

¶ 14 Defendants also point to the jury instructions in support of their argument that the case was tried as a breach of contract action only, but we see nothing in the trial court's instructions to the jury that calls for this conclusion. The jury instructions indicate that the defendants at some point prior to trial admitted liability for the damage to plaintiffs' property.[27] The damage issue alone was tried.[28] The same quantum of monetary recovery is plaintiffs' due whether their claim be deemed actionable in con-

doctrine of mandatory election of remedies before submission became an anachronism. *See* the provisions of 12 O.S.2001, § 2008(E)(2); *Howell v. James*, 1991 OK 47, ¶ 14, 818 P.2d 444, 446–48.

**20.** *Bradley Chevrolet, Inc. v. Goodson*, 1969 OK 25, ¶¶ 7–9, 450 P.2d 500, 502; *Vogel v. Rushing*, 1949 OK 275, ¶ 12, 212 P.2d 665, 667.

**21.** *Doss, supra*, note 18 at ¶ 21, at 939 ("[w]hen a plaintiff states and proves the facts, he is not required to designate the theory upon which relief may be granted. He is entitled to any relief which the facts may justify.... This is the very heart of the code. To require him to correctly name his theory would be a step backward toward the old practice of pleading forms of action, the very thing the code was designed to abolish.").

**22.** *Leak–Gilbert v. Fahle*, 2002 OK 66, ¶ 20, 55 P.3d 1054, 1059; *Great Plains Federal Savings & Loan Association v. Dabney*, 1993 OK 4, ¶ 7, 846 P.2d 1088, 1092; *Flint Ridge Dev. v. Benham–Blair & Affiliates*, 1989 OK 48, ¶ 7, 775 P.2d 797, 799.

**23.** *Morriss v. Barton*, 1947 OK 260, ¶ 41, 190 P.2d 451, 457; *Independent Torpedo Co. v. Carder*, 1933 OK 477, 25 P.2d 62, 64; *Jackson v. Central Torpedo Co.*, 1926 OK 434, ¶ 8, 246 P. 426, 428 ("If the transaction complained of had its origin in a contract which placed the parties in such a relation that, in attempting to perform the promised service, the tort was committed,

then the breach of the contract is not the gravamen of the suit. The contract in such case is mere inducement, creating the state of things which furnishes the occasion of the tort, and in all such cases the remedy is an action on the case.").

**24.** *Panama Processes, S.A. v. Cities Service Co.*, 1990 OK 66, ¶ 34, n. 58, 796 P.2d 276, 290, n. 58; *Lewis v. Farmers Ins. Co., Inc.*, 1983 OK 100, ¶ 5, 681 P.2d 67, 69; *Keel v. Titan Constr. Corp.*, 1981 OK 148, ¶ 14, 639 P.2d 1228, 1232.

**25.** *Great Plains Federal Savings and Loan Ass'n v. Dabney*, 1993 OK 4, ¶ 2, 846 P.2d 1088, 1095, (Opala, J. with whom Kauger, J. joins, concurring); *Howell v. James, supra* note 19 at ¶ 11, at 447.

**26.** We note that the addition of Mrs. Finnell as a party plaintiff supports a tort theory of recovery inasmuch as she was not a signatory to the contract.

**27.** Instruction No. 4 states in part:

"Jebco Seismic and PGS Onshore, Inc. have admitted responsibility for any injury Bill and Sandra Finnell sustained as a result of the seismic survey."

**28.** Instruction No. 4 states in part:

"The issues in this case to be determined by you are: What injury Plaintiffs Bill and Sandra Finnell sustained as a direct result of this oc-

tract or in tort.[29] The trial court instructed the jury on the measure of damages for injury to land in terms consistent with a tort theory of recovery.[30] The jury returned a general verdict. *Nothing in the instructions or in the verdict precludes tort as the basis of plaintiffs' action or of the jury's award.*

¶ 15 Statutes in derogation of the common law are to be liberally construed so as to effect legislative intent.[31] The words negligent and willful are legal terms of art that refer to tortious conduct. The legislature's use of these terms in § 940 indicates its intent that § 940 apply to claims arising from tortious conduct, and not from breach of contract, rather than to distinguish between types of tortious conduct. As long as an action sounds in tort, the provisions of § 940 apply even if the words negligent or willful are not specifically pled.[32] We have held that, as used in § 940, willfully denotes an action proceeding from a conscious motion of the will, an action that is intentional, knowing or voluntary as distinguished from accidental.[33] The words willful and negligent in § 940 simply represent the continuum of

actionable tortious conduct from simple negligence to intentional infliction of harm. Defendants' admission of liability for the damage to plaintiffs' property necessarily falls somewhere within that continuum. *It is not necessary for the pleadings or the judgment to identify where it falls for § 940 to entitle plaintiffs to an award of their litigation expenses.*

## IV

## THE ATTORNEY'S FEE AWARDED TO PLAINTIFFS IS REASONABLE

¶ 16 We now turn to review the question of the reasonableness of the attorney's fee awarded by the trial court.[34] Plaintiffs' fee application shows 169.1 hours performed by two attorneys for a total fee claimed of $16,655.00, or approximately $98.50 per hour. Defendants object that the fee claimed and awarded is excessive for a case in which the issues were simple, the amount recovered was small relative to the amount sought, the trial was of short duration, and the lead attorney's inexperience

currence and what damages they should recover to compensate them for this injury."

29. The measure of a promise-based obligation's breach is the amount which will compensate the injured party for all the detriment proximately caused by the breach. The provisions of 23 O.S.2001, § 21, governing contract damages, state;

"For the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this chapter, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom. No damages can be recovered for a breach of contract, which are not clearly ascertainable in both their nature and origin."

Tort reparations include compensation for all proximately caused harm, whether foreseeable or not. The terms of 23 O.S.2001, § 61, governing non-contract damages, state:

"For the breach of an obligation not arising from contract, the measure of damages, except where otherwise expressly provided by this chapter, is the amount which will compensate for all detriment proximately caused thereby, whether it could have been anticipated or not."

30. Instruction No. 5 states:

"The amount of damages recoverable by the Plaintiffs for land damage is limited to reasonable cost of repair or the reduction in value of

land whichever is less. Reasonable cost of repair includes loss of crops and cost of restoring land to production. The reduction in the value of land is the difference between the actual value immediately before and immediately after the damage is sustained."

31. The terms of 25 O.S.2001, § 29 state:

"The rule of the common law, that statutes in derogation thereof are to be strictly construed, has no application to the laws of this state, which are to be liberally construed with a view to effect their objects and to promote justice."

32. Because liability was not an issue in the case, it was not necessary for plaintiffs to offer proof of defendants' tortious conduct. Hence, there was no jury determination of the precise nature of defendants' conduct, i.e. where it fits on the tort continuum.

33. *Schaeffer v. Shaeffer,* 1987 OK 30, ¶ 9, 743 P.2d 1038, 1040.

34. The Court of Civil Appeals' opinion did not address this issue. Our pronouncement in *Hough v. Leonard,* 1993 OK 112, 867 P.2d 438, teaches that the prevailing party in the Court of Civil Appeals may obtain this court's review of issues properly raised and briefed on appeal, *but not addressed by the intermediate appellate court,* without filing a petition for certiorari. *Id.* at

caused him to spend an excessive amount of time in preparation. After hearing evidence, the trial court awarded plaintiffs a fee of $17,005.00. Judged by the applicable common-law standard of review, the trial court's fee assessment cannot be said to constitute an abuse of discretion as a matter of law.

¶ 17 An attorney's fee must in every instance be reasonable.[35] The criteria for determining a reasonable fee for legal services are set out in *State ex rel. Burk v. City of Oklahoma City.*[36] An attorney seeking an award must submit to the trial court detailed time records and must offer evidence of the reasonable value of the services performed based on the standards of the legal community in which the attorney practices.[37] The correct procedure for arriving at a reasonable fee is (a) first to determine from the detailed time records a baseline fee by multiplying hours expended times the attorney's hourly rate and (b) then to enhance that fee by adding an amount arrived at by applying the factors set out in *Burk,* taken from federal court practice, or those provided in Rule 1.5 of the Oklahoma Rules of Professional Conduct.[38] The final determination of an appropriate fee is further subject to the rule that it must bear some reasonable relationship to the amount in controversy.[39]

¶ 18 The record shows that the trial court followed these guidelines in assessing the amount of the award. The baseline amount was arrived at from the detailed time records submitted with the application by multiplying the hours expended by an hourly rate just

---

¶ 18, at 446; Rule 1.180, Oklahoma Supreme Court Rules, 12 O.S.2001, Ch. 15, App. 1.

**35.** Rule 1.5, Rules of Professional Conduct, 5 O.S.2001, Ch. 1, App. 3–A. The federal court approach to this question is also based on the reasonableness of the value placed on the necessary legal services. *Robinson v. City of Edmond,* 160 F.3d 1275 (10th Cir.1998).

**36.** 1979 OK 115, ¶ 8, 598 P.2d 659, 661. The criteria set forth in Burk are: time and labor required; novelty and difficulty of the questions; skill requisite to perform the legal service properly; preclusion of other employment by the attorney due to acceptance of the case; customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or circumstances; amount involved and the results obtained; experience, reputation and ability of the attorneys; "undesirability" of the case (i.e., risk of non-recovery); nature and length of professional relationship with the client; and awards in similar cases. *See also Morgan v. Galilean Health Enterprises, Inc., supra* note 11 at ¶ 12, at 364 (holding that the amount owed under a contingency-fee contract may not serve as the basis for assessment of the value of legal services due the prevailing party against its vanquished opponent); *but see Okla. Turnpike Auth. v. New Life Pentecostal Church of Jenks,* 1994 OK 9, ¶ 11, 870 P.2d 762, 765 (holding that in a condemnation proceeding the quantum of a counsel-fee award against the condemnor "is measured by the extent of the landowner's obligation to its lawyer unless, of course, the obligation is excessive.").

**37.** *Oliver's Sports Center, Inc. v. National Standard Ins. Co.,* 1980 OK 120, ¶ 8, 615 P.2d 291, 295; *Green Bay Packaging Inc., supra* note 7 at ¶ 48, at 1099–1100.

**38.** The terms of Rule 1.5 of the Rules of Professional Conduct, 5 O.S.2001, Ch.1, App. 3–A, provide in pertinent part:

"(a) A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:
(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) the fee customarily charged in the locality for similar services;
(4) the amount involved and the results obtained;
(5) the time limitations imposed by the client or the circumstances;
(6) the nature and length of the professional relationship with the client;
(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
(8) whether the fee is fixed or contingent."
In *Burk, supra,* note 36, we held that along with the standards set forth by the Oklahoma Rules of Professional Responsibility, trial courts in this state may apply the standards utilized by the federal courts. *See Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974). The federal standards are substantially similar to those contained in Rule 1.5 and an exhaustive application of either list will almost always lead to a just and reasonable result. *See also Robert L. Wheeler, Inc. v. Scott,* 1989 OK 106, 777 P.2d 394; *Robert L. Wheeler, Inc. v. Scott,* 1991 OK 95, 818 P.2d 475.

**39.** *Southwestern Bell Telephone Co. v. Parker Pest Control, Inc.,* 1987 OK 16, ¶ 17, 737 P.2d 1186,

under $100.00 per hour. A hearing was conducted at which two experienced local practitioners familiar with civil litigation testified that the minimum hourly rate in the local legal community is $100.00 per hour. Each also testified that he had reviewed the time records submitted with the fee application and had concluded that the hours expended were reasonable. Defendants called a third local attorney to testify, who opined that an hourly rate of $90.00 per hour would be more reasonable given the experience level of plaintiffs' primary attorney. He also testified that an experienced attorney would probably have spent only one hundred hours, rather than one-hundred sixty nine hours, on the case. The trial judge accepted the testimony of the two attorneys who found the baseline amount to be reasonable and awarded a fee in that amount with a relatively negligible enhancement of $350.00.[40] On this record, we cannot say that the trial judge's decision was clearly erroneous or without a basis in reason or evidence.

¶19 Defendants contend that an award which amounts to sixty-five percent (65%) of the amount recovered is excessive on its face. We disagree. While we are committed to the rule that a fee for legal services must bear some reasonable relationship to the judgment,[41] we have never identified a percentage above which a fee's relationship to the damage award must be deemed unreasonable *per se*. In *Southwestern Bell Telephone Co. v. Parker Pest Control, Inc.,*[42] we approved a $3,000 fee award for a suit in which the plaintiff sought $3,867 and the defendant confessed judgment for $1,500.[43] In *Arkoma Gas Company v. Otis Engineering Corporation,*[44] we affirmed a fee award of $5,500 in a breach of warranty case in which the plaintiff sued for more than $70,000 and ultimately recovered only $100.[45] In *Catlin Aviation Company v. Equilease Corporation*[46] the court approved a fee of $600 on a recovery of $1,167 where the plaintiff had sued for $17,000.[47] The allowance awarded in the instant case is clearly within the range of fees in relation to damages previously approved by the court.

¶20 Defendants urge us to consider the fact that there is a contingency fee arrangement extant between plaintiffs and their attorneys under which plaintiffs' attorneys are entitled to fifty percent (50%) of the award on appeal. Defendants contend that plaintiffs' attorneys will garner a windfall by collecting both the contingency fee ($13,000.00) and the statutory fee ($17,005.00). Our pronouncement in *State ex rel. Oklahoma Bar Association v. Weeks,*[48] which prohibits an attorney from retaining both a contingent fee and a statutory award, provides a complete answer to this concern.

¶21 We hold that the trial court's counsel-fee award to plaintiffs of $17,005.00 rests on competent evidence. The reasonableness of an attorneys' fee request is a question of fact for the trier. The trial court is in a far better position to judge the demands of the case than are we. Upon the record submitted, we cannot say that the award is clearly erroneous or that it is unsupported by reason and evidence.

¶22 Plaintiffs have timely applied to this court for an appeal-related attorney's fee. An appeal-related counsel fee may be awarded in cases where there is statutory

---

1189; *Arkoma Gas Company v. Otis Engineering Corp.,* 1993 OK 27, ¶6, 849 P.2d 392, 395.

**40.** Inasmuch as the record is silent on the reason for the enhancement, we assume that the $350.00 awarded to plaintiffs beyond that which they sought by their fee application represents an addition based on unarticulated *Burk* factors. Because defendants did not assail the addition as unauthorized, its allowance is not in contest.

**41.** *See id.* for citations establishing this rule.

**42.** *Supra* note 39.

**43.** *Id.* at ¶21, at 1190.

**44.** *Supra* note 39.

**45.** *Id.* at ¶8, at 394.

**46.** 1981 OK 13, 626 P.2d 857.

**47.** *Id.* at ¶21, at 861. *See also Williams & Kelley Architects v. Independent School District No. 1, Okmulgee County,* 1994 OK CIV APP 113, ¶14, 885 P.2d 691, 695 (approving a $25,000 fee on a quantum meruit confessed judgment of $25,100 where recovery sought was $164,000.00).

**48.** 1998 OK 83, 969 P.2d 347, *cert. denied, Weeks v. Okla. Bar Ass'n,* 525 U.S. 1042, 119 S.Ct. 593, 142 L.Ed.2d 535 (1998).

authority to award a fee for legal services rendered in the trial of a cause.[49] Plaintiffs' motion is granted, and the cause is remanded to the trial court for an adversarial hearing to determine a reasonable fee for legal services provided to plaintiffs in appeal- and certiorari-related proceedings.[50]

## V

## SUMMARY

¶ 23 The two issues presented for certiorari review are resolved in a manner to be stated: We hold that plaintiffs pressed a claim "to recover for damages for the negligent or willful injury to property" within the meaning of § 940 and are hence entitled to an attorney's fee under that statute. We also hold that the amount of the fee awarded was arrived at by a process consistent with the pronouncements of this court and that the amount awarded does not exhibit an abuse of the discretion given the trial court to set a fee award.

¶ 24 THE COURT OF CIVIL APPEALS' OPINION IS VACATED; THE TRIAL COURT'S COUNSEL–FEE AWARD IS AFFIRMED; UPON REMAND THE TRIAL COURT IS AUTHORIZED TO DETERMINE THE AMOUNT OF PLAINTIFFS' REASONABLE APPEAL- AND CERTIORARI- RELATED ATTORNEY'S FEE.

¶ 25 WATT, C.J., HODGES, LAVENDER, KAUGER and WINCHESTER, JJ. concur.

¶ 26 SUMMERS, J., concurs in Parts I and II, concurs in result in Part III and dissents from Part IV.

**49.** *Sisney v. Smalley,* 1984 OK 70, ¶ 20, 690 P.2d 1048, 1051 ("Whenever there is statutory authority to award attorney fees in the trial of a matter, additional fees may be allowed (to the prevailing party) for legal services rendered in the appellate court."). *See also* Rule 1.14(b), Oklahoma Supreme Court Rules, 12 O.S.2001, Ch. 15, App. 1.

**50.** 12 O.S.2001, § 696.4(C) states in pertinent part:

¶ 27 BOUDREAU, J., concurs in result.

¶ 28 HARGRAVE, J., dissents.

"C . . . . The appellate court shall decide whether to award attorney fees for services on appeal, and if fees are awarded, it shall remand the case to the trial court for a determination of their amount. The trial court's order determining the amount of fees is an appealable order."