2004 OK 81

Connie WALKER and Sarah Walker, Plaintiffs,

v.

Floyd Wayne FERGUSON, Defendant,

and

K & A Enterprises, Inc., an Oklahoma corporation d/b/a Henry Hudson's Pub, Defendant/Appellee

v.

Howard K. Berry, III, Real Party in Interest, Appellant.

No. 98,837.

Supreme Court of Oklahoma.

Nov. 2, 2004.

Lauren LeBlanc Day, Oklahoma City, OK, for Appellant.

Robert P. Hall, Robert A. Jackson, Jackson, Hall & Associates, Oklahoma City, OK, for Defendant–Appellee.

HARGRAVE, J.

¶ 1 The only question presented is whether the trial court erred in imposing sanctions against plaintiffs' attorney, under its inherent power to do so recognized in *City National Bank & Trust Co. v. Owens*, 1977 OK 86, 565 P.2d 4, without making a finding of bad faith or oppressive conduct on the part of the sanctioned party. The standard of review for a trial court's ruling on sanctions is the abuse of discretion standard. *State ex rel. Tal v. City of Oklahoma City*, 2002 OK 97

¶ 2, 61 P.3d 234. We hold that an award of sanctions under the trial court's inherent authority cannot be sustained on appeal where the record fails to reflect a finding of bad faith or oppressive conduct on the part of the sanctioned party.

## BACKGROUND

¶ 2 Plaintiffs sued the defendants by petition filed March 12, 2001 in which they alleged that the defendant Ferguson was negligently operating his vehicle in failing to stop for a stop sign, and that he was impaired or intoxicated at the time of the collision. Plaintiffs alleged that the defendant K & A, Inc. d/b/a Henry Hudson's Pub, was negligent by selling intoxicating beverages to a noticeably intoxicated person. The date of the accident was March 12, 1999.

¶ 3 Plaintiffs discovered that Ferguson was subsequently arrested for DUI, on July 29, 2000, and obtained a copy of the Cleveland County criminal case file in the matter. Plaintiffs' witness and exhibit list included witnesses and exhibits relating to defendant Ferguson's subsequent arrest and guilty plea. Ferguson received a deferred sentence in that matter.

¶ 4 No transcript was made of the opening statements at the trial—a court reporter had not been requested for opening statements. During the plaintiffs' attorney's opening statement, both defendants moved for a mistrial and the mistrial was granted. The parties dispute exactly what was said in the opening statement. Appellee says that plaintiffs' attorney, Mr. Berry, told the jury he would present evidence that Ferguson had a second DUI felony conviction. Appellants' brief states that Berry "observed that Defendant Ferguson had pled guilty to a second-offense felony DUI." The trial judge granted a mistrial on the grounds that the information offered was not admissible in the first stage of the trial and was prejudicial to the defendants.

¶ 5 A transcript was made of proceedings had before Judge Owens on September 25, 2002, after mistrial was declared. Judge Owens ruled that counsel's statement was improper because the guilty plea was an offense subsequent to the automobile accident that was the subject of the trial. Judge Owens ruled that a subsequent offense was admissible only in the second stage of the trial. The trial judge stated:

"THE COURT: Let the record reflect that after going through the voir dire process in this case, seating a jury, opening statements commenced in this case. Plaintiff was making an opening statement and during the course of that opening statement plaintiff offered information to this jury that was not admissible in the first stage of the case prejudicial to the defendants in this case. Based upon that the defendants have each moved for a mistrial and the mistrial has been granted."

¶ 6 The trial judge ruled:

"The judicial affect (sic) substantially outweighs the probative value due to the fact that you're asking this jury to determine because he got convicted after this accident that meant he was drinking on that day. That's the issue and that's what it puts the jury in the position of doing."

¶ 7 Berry argued that the second DUI was relevant for impeachment of the witness. The judge responded:

"I told you yesterday—no sir, it's not relevant to this accident. The prejudicial effect substantially outweighs the probative value. It would never have come in this record. Never. That's why we had a discussion off the record yesterday when I told you if you had evidence to go in second stage as to why this man ought to be punished, why Henry Hudson's ought to be punished, that's the place to put it in."

## DISCUSSION

¶ 8 On appeal, Berry argues that the trial court erred in imposing an attorney-fee sanction against him because the court did not establish the authority for the sanction by stating the grounds for error on Berry's part. Berry's contention is correct, based on the record presented for our review. The trial judge's order, filed December 5, 2002, recites only that on the 1st day of November, 2002, Defendant K & A Enterprises, Inc.'s motion for sanctions came on for hearing, that both

parties were represented by counsel and that he court "after being fully apprised in the premises, finds and orders that said motion is sustained."

¶ 9 Defendant K & A's motion for sanctions is not included in the record, however, nor is there a transcript of the hearing on November 1, 2002 on K & A's motion for sanctions. In the record is "Application of K & A Enterprises, Inc. for Attorney Fees Pursuant to Sanctions Rendered Against Plaintiff Counsel" filed November 8, 2002 in which K & A makes application for payment of attorney fees and expenses associated with the preparation of this case for trial *"pursuant to the court's order of sanctions against Plaintiff counsel,"* which attached itemized fees and costs.

¶ 10 On January 10, 2003, the trial court entered an order reciting that K & A's amended application for attorney fees pursuant to sanctions came on for hearing and that counsel announced that the amount of attorney fees awarded by the court has been agreed to in the sum of $5,062,50. Plaintiff's counsel, Howard K. Berry, III, is ordered to pay "attorneys fees pursuant to Order for Sanctions to Defendant, K & A Enterprises, Inc., the sum of $5,062.50."

¶ 11 *State ex rel. Tal v. City of Oklahoma City*, 2002 OK 97, 61 P.3d 234 discussed two situations in which attorney fees may be imposed as sanctions. The first, 12 O.S.2001 § 2011 provides a statutory basis for the award of attorney fees under certain limited circumstances.[1] *See, Tal*, 2002 OK at ¶¶ 16–19, 61 P.3d 234.

¶ 12 In the second situation, the trial judge is acting under his inherent authority to grant attorney fees against a party for bad faith litigation misconduct, as recognized in *City National Bank & Trust Co. v. Owens*, 1977 OK 86, 565 P.2d 4. *See, Tal*, 2002 OK at ¶¶ 26–27. The arguments in the briefs indicate that the trial judge in the case at bar was acting under his inherent authority pur-

---

1. Section 2011 provides, in pertinent

\* \* \*

B. REPRESENTATIONS TO COURT. By presenting to the court, whether by signing, filing, submitting, or later advocating, a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
1. It is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
2. The claims, defenses and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
3. The allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have [61 P.3d 234] evidentiary support after a reasonable opportunity for further investigation or discovery; and
4. The denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.
C. SANCTIONS. If, after notice and a reasonable opportunity to respond, the court determines that subsection B of this section has been violated, the court shall, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subsection B of this section or are responsible for the violation.
1. HOW INITIATED.

a. By Motion. A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subsection B of this section. It shall be served as provided in Section 2005 of this title, but shall not be filed with or presented to the court unless, within twenty-one (21) days after service of the motion or such other period as the court may prescribe, the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected. If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorneys fees incurred in presenting or opposing the motion. . . .
2. NATURE OF SANCTIONS; LIMITATIONS. A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs a and b of this paragraph, the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys fees and other expenses incurred as a direct result of the violation.
a. Monetary sanctions shall not be awarded against a represented party for a violation of paragraph 2 of subsection B of this section.

suant to *Owens;* there is no indication that 12 O.S. § 2011 was involved.

¶ 13 In *Owens,* attorneys fees were awarded to the defendant as a result of plaintiff's dismissal of its lawsuit without prejudice, after the case had been fully presented at trial. In *Owens,* the trial court's inherent authority to award attorneys fees was upheld where the bank dismissed its case without prejudice after three full days of trial, after all the evidence and testimony had been introduced, after all parties had rested and after the court had prepared instructions. We said that the issue was, where the plaintiff's dismissal after proceeding to trial causes necessary expenditures to be wasted, whether a district judge has the power to include the costs of such expenditures including such expenditures for legal services in the costs assessed against the dismissing plaintiff. We noted that the defendant unquestionably incurred great expense in the trial of the case and that, clearly, plaintiff's dismissal, though permissible upon the payment of costs, created an injustice.

■ ¶ 14 There must be a finding of bad faith or oppressive behavior where the trial court has imposed sanctions on the basis of its inherent or equitable power to do so. *See, First National Bank & Trust v. Kissee,* 1993 OK 96, 859 P.2d 502, 513–154. In *Kissee,* the trial judge had awarded sanctions relying both on its traditional equitable powers and 12 O.S. § 2011. *Kissee* followed *Winters v. City of Oklahoma City,* 1987 OK 63, 740 P.2d 724, 727, wherein we held that the trial court, in the exercise of its inherent equitable powers may tax against a party's attorney as an item of costs all unnecessary expenses incurred because of the attorney's oppressive actions.

¶ 15 The trial judge in *Winters* held a hearing on the motion to assess costs and attorney's fees against the attorney, and specifically found that the behavior of the attorney constituted "oppressive behavior." In *Winters,* we quoted with approval *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980), which held that such sanctions are within a court's powers, but require a specific finding that counsel's misconduct constituted bad faith. The court stated that a finding of bad faith would have to precede the sanctions under the court's inherent power of assessing attorney fees against counsel. 447 U.S. at 767, 100 S.Ct. 2455.

■ ¶ 16 In the case at bar there is no finding by the trial judge that counsel's conduct constituted bad faith or oppressive conduct. The trial judge allowed a record to be made following the granting of the mistrial on September 25, 2002. At that September 25 hearing, defendant K & A orally moved for sanctions. The trial judge did not rule on the motion, but advised Mr. Berry that:

> "Everybody's going to file their motion asking for sanctions. This Court is not going to say whether it's going to grant them or not. I don't believe you did what you did intentionally. May be mistakenly on a belief of what your belief was about the law, but there's no evidence that I would have let that—there's no way I would have let that evidence in the record." [2]

¶ 17 Thus, we have the trial judge's statement that he did not believe plaintiffs' counsel's conduct was intentional. The trial judge's order filed December 2, 2002 merely sustains the motion for sanctions without giving the reasons therefor and without making any finding of bad faith or oppressive behavior on the part of plaintiffs' attorney. Likewise, the order of January 10, 2003 which ordered Mr. Berry to pay attorney fees in the sum of $5,062.50 pursuant to order for sanctions does not make any finding of bad faith or oppressive conduct.

---

**2.** At that hearing, the trial judge also stated, with respect to Mr. Berry's statement that resulted in the mistrial:

> "I did not believe it was intentional or unintentional. But intentional or unintentional, this Court has the obligation under the law to protect the interest of everybody in this court room and that's what this is all about. That's why we started this case yesterday instead of Monday because of these last minute issues that came up in this case and I was trying the best I could to protect this record for everybody. That's the reason I made the record yesterday evening *sua sponte,* nobody asked me to, to protect every side of this case."

¶ 18 Accordingly, we do not have any finding by the trial judge in this case, on the record presented, of bad faith or oppressive conduct on the part of counsel. We said in *Gibbs v. Easa,* 1998 OK 55 ¶ 14, 998 P.2d 583, 587:

> "The record in this case simply does not support an equitable assessment of bad faith attorney's fees pursuant to a court's equitable powers such as were affirmed in *Owens* and *Winters.* In examining the partial record in the case at bar, Gibbs alleges frivolous motions, failure to provide documents and information and numerous hearings concerning the contempt citations and the asset hearing.... *With no transcript and no specific findings of the trial court,* we are unable to ascertain from the Statements of Account attached to Gibb's applications for sanction, which items the trial court found to be directly related to some sort of oppressive conduct by Easa." (emphasis added)

The same rationale applies in the case at bar. The record before us does not contain the required finding of bad faith or oppressive conduct necessary for an *Owens*-based attorney fee awarded as sanctions.

**REVERSED.**

¶ 19 **ALL JUSTICES CONCUR.**