2008 OK CIV APP 32

PIONEER EQUIPMENT RENTAL, L.L.C., Plaintiff,

v.

W.S. BOWLWARE CONSTRUCTION, INC., Defendant,

and

David Gayler d/b/a Gayler Construction, Defendant/Appellee,

and

Robert L. Magrini and Marvin Laws, Appellants.

No. 103,727.

Court of Civil Appeals of Oklahoma, Division No. 4.

Dec. 4, 2007.

Rehearing Denied Jan. 18, 2008.

Certiorari Denied March 10, 2008.

Robert L. Magrini, Marvin Laws, Hayes Magrini & Gatewood, Oklahoma City, OK, Appellants.

Andrew E. Karim, Oklahoma City, OK, for Appellee.

JERRY L. GOODMAN, Judge.

¶1 Attorneys Robert L. Magrini and Marvin Laws (Contractor W.S. Bowlware Construction Inc.'s attorneys) appeal the trial court's August 10, 2006, order awarding a $1,500.00 attorney's fee against them. Based on our review of the record, we reverse.

## STANDARD OF REVIEW

¶2 The issue of entitlement to an attorney's fee, costs, and interest presents purely a legal question which we review de novo without deference to the trial court's determination. *Finnell v. Jebco Seismic*, 2003 OK 35, ¶7, 67 P.3d 339, 342. The appellate court will exercise its "plenary, independent, and nondeferential authority when reexamining a trial court's legal rulings." *Neil Acquisition, L.L.C. v. Wingrod Inv. Corp.*, 1996 OK 125, ¶4 n. 1, 932 P.2d 1100, 1103 n. 1; *Spielmann v. Hayes*, 2000 OK CIV APP 44, 3 P.3d 711.

## FACTS

¶3 Pioneer Equipment Rental sued Contractor W.S. Bowlware Construction Inc., and Subcontractor Gayler Construction. Subcontractor filed a cross-claim against Contractor. On the last day to answer, Contractor's attorney called Subcontractor's attorney to request an extension of time to answer. After being left on telephonic hold for several minutes, Contractor's attorney was told Subcontractor's attorney would not talk to him. Contractor's attorney then faxed Subcontractor's attorney a fax requesting additional time, but received no answer. The next day, one day after the answer date, Subcontractor's attorney refused to grant an extension. The answer was filed later that same day.

¶4 Some weeks after Contractor's answer was on file, Subcontractor filed a motion for default judgment because the answer to its cross-claim had been filed one day late. That motion was denied, but the trial court sua sponte awarded an unspecified attorney's fee to Subcontractor's attorney because, in the words of the trial court, Subcontractor was "constrained to bring Bowlware's default ... to the Court's attention." Subcontractor later filed a motion for the fee in the amount of $2,607.50 plus $612.50 in costs. The motion cites no legal authority for the fee.

¶5 There was no allegation by Subcontractor or any finding by the trial court of prejudice; no citation of authority for such a fee; no allegation of oppression or malice, and no trial court finding of sanctionable conduct. The trial court's sole reason for its award was that Subcontractor had been "constrained" to incur expenses due to the untimely filing of Contractor's answer. These expenses were incurred for the purpose of filing a motion for default judgment weeks after the one-day-late answer had been filed. Subcontractor's motion for such default judgment was denied and he was not a prevailing party. The trial court's final order, from which this appeal is taken, fails to cite any statutory basis for a fee, fails to find oppressive conduct, fails to find any sanctionable conduct on the part of Contractor's attorneys, and, in general, is without any legal support for its holding.

¶6 In Oklahoma, the right of a litigant to recover an attorney's fee is governed by the American Rule. *Barnes v. Oklahoma Farm Bureau Mut. Ins. Co.*, 2000 OK 55, ¶46, 11 P.3d 162, 179–80; *TRW/Reda*

*Pump v. Brewington,* 1992 OK 31, ¶ 13, 829 P.2d 15, 22. This Rule is firmly established in Oklahoma and provides that courts are without authority to award an attorney's fee in the absence of a specific statute or a contractual provision allowing the recovery of such fees, with certain exceptions. *Barnes,* 2000 OK 55, at ¶ 46, 11 P.3d at 180. The Oklahoma Supreme Court has ruled the exceptions to the American Rule are narrowly defined. *See Kay v. Venezuelan Sun Oil Co.,* 1991 OK 16, 806 P.2d 648. Accordingly, this Court strictly construes any authority for fees and expenses. *Hi–Pro Animal Health v. Halverson,* 2002 OK CIV APP 61, 48 P.3d 119. Without the proper legal authority to support an award of fees in this case, the trial court did not have authority to grant Subcontractor a fee. *See Pursley v. Mack Energy Co.,* 1995 OK CIV APP 129, 908 P.2d 289.

■■■ ¶ 7 Subcontractor argues in its brief that the trial court had inherent authority to award its fee. That's simply not the law. It is well-settled that an attorney's fee is not recoverable in the absence of a statute or enforceable contract provision expressly authorizing the recovery. *See Wallace v. Halliburton Co.,* 1993 OK 24, ¶ 19, 850 P.2d 1056. A very narrow exception to this rule has been recognized in *City Nat'l Bank & Trust Co. v. Owens,* 1977 OK 86, ¶ 12, 565 P.2d 4.[1] That exception occurs when a party or party's attorney acts in bad faith, vexatiously, wantonly, or in an oppressive manner. In such a situation, the trial court may, under its inherent authority, grant an attorney's fee against the party for bad faith litigation conduct. *Id.* at ¶ 15, 565 P.2d at 8; *see also State ex rel. Moshe Tal v. City of Oklahoma City,* 2002 OK 97, 61 P.3d 234 (an attorney's fee may be imposed as a sanction in two (2) circumstances: 1) under the terms of 12 O.S.2001 and Supp.2004, § 2011, or 2) under the trial court's inherent equitable power to remedy bad faith litigation conduct).

¶ 8 In *Owens,* cited above, the Oklahoma Supreme Court upheld the power of a trial court to award a limited attorney's fee where a party engaged in oppressive litigation con-

duct. This conduct included dismissing its case without prejudice on the fourth day of trial, after all the evidence and testimony had been introduced, after the parties had rested, and after the court had prepared instructions. The Court noted the fees were not awarded because of any right to recover such fees during the course of litigation. Rather, the Court was "concerned with the court's power to tax as costs, any necessary expenditures including attorney fees, against a party who causes the necessary expenditures to be wasted." *Owens,* 1977 OK 86, at ¶ 6, 565 P.2d at 6. The Court explained it was not dealing with a case in which a prevailing party was seeking an award for the total cost of litigation, only one in which "a party, who may or may not ultimately be the prevailing party, merely seeks to be compensated for necessary expenses wasted because of the oppressive behavior of his opponent." *Id.* at ¶ 14, 565 P.2d at 8.

■■■ ¶ 9 The *Owens* exception is narrow, should be applied with caution and restraint, and was not intended to grant the trial court a broad equitable authority to award fees. *Wallace,* 1993 OK 24, at ¶ 20, 850 P.2d at 1060–61. That limited authority was not meant to be a means to sanction or punish parties or their attorneys for raising novel theories or espousing unpopular causes that are neither baseless nor frivolous. *Moshe Tal,* 2002 OK 97, ¶ 26, 61 P.3d 234, 247. Furthermore, for an attorney's fee to be awarded under the court's inherent authority, "overriding considerations" must indicate the need for such a recovery. *Id.; see also Owens,* 1977 OK 86, at ¶ 13, 565 P.2d at 8–9 (citations omitted). Finally, there must be a finding of bad faith or oppressive behavior when the trial court seeks to impose an award of fees under its inherent authority. *Walker v. Ferguson,* 2004 OK 81, ¶ 14, 102 P.3d 144, 147.

¶ 10 In the present case, there was no allegation by Subcontractor of bad faith or oppressive behavior, nor did the trial court make any such finding. Again, in order to be entitled to an attorney's fee under the trial court's inherent authority pursuant to the

---

1. Owens was modified by 23 O.S.2001, § 103.

*Owens* exception, the trial court must make a finding of bad faith or oppressive behavior. *See Walker,* 2004 OK 81, at ¶ 14, 102 P.3d 144, at 147. Absent such findings, an award of fees under the trial court's inherent authority is error.

¶ 11 The trial court's August 10, 2006, order is reversed.

¶ 12 Subcontractor's motion for an appeal-related attorney's fee and its costs is denied.

¶ 13 REVERSED.

GABBARD, P.J., and FISCHER, J. (sitting by designation), concur.