2013 OK CIV APP 50

**Richard L. FENTEM and Laura L. Roberts–Fentem, Plaintiffs/Appellants,**

v.

**Steve KNOX, individually, Renee Knox, Individually, and The Steve Knox Revocable Trust, Defendants/Appellees.**

**No. 109,465.**

Court of Civil Appeals of Oklahoma, Division No. 3.

April 19, 2013.

Janice M. Dansby, Oklahoma City, Oklahoma, and Hugh A. Manning, Manning & Associates, Spencer, Oklahoma, for Plaintiffs/Appellants.

Conner L. Helms, Erin M. Moore, Helms Underwood & Cook, Oklahoma City, Oklahoma, for Defendants/Appellees.

BAY MITCHELL, Judge.

¶ 1 Plaintiffs/Appellants Richard L. Fentem and Laura L. Roberts–Fentem ("Homeowners") seek review of the trial court's April 2011 order granting in part the Defendants/Appellees, Steve Knox, Renee Knox and the Steve Knox Revocable Trust's ("Sellers") Application for Attorney Fees and Costs.

¶ 2 This case arises from the Sellers' alleged intentional misrepresentations (concerning Sellers' awareness of the presence, treatment or repairs for mold) made in connection with the Sellers' December 2005 sale of residential property to Homeowners. Homeowners originally filed suit alleging fraud and deceit in June 2009,[1] but that case was dismissed without prejudice by the trial court in January 2010 for lack of service on Sellers.

¶ 3 Homeowners re-filed the action in December 2010. Five days later (and before summons was issued and service of process obtained on Sellers) Sellers filed a Motion for Summary Judgment on the basis that the case was barred pursuant to the statute of repose provision contained within the Residential Property Condition Disclosure Act, 60 O.S. §§ 831, et seq. Subsequently, Homeowners filed a dismissal of the case on January 14, 2011.

¶ 4 Sellers' Motion for Summary Judgment was **never ruled upon**, apparently upon the determination that it was rendered moot by the Homeowners' dismissal.[2] Sellers thereafter filed an Application for Attorney Fees and Costs, seeking to recover $7,748 in attorney fees and $8.19 in costs. In their Application, Sellers argued their Motion for Summary Judgment **requested** affirmative relief and thus, they were entitled to attorney fees as the "prevailing party" pursuant to 60 O.S. § 837(D),[3] a provision in the Residential Property Condition Disclosure Act, 60 O.S. § 831 et seq. They additionally claimed their entitlement to attorney fees pursuant to the court's equitable power to remedy Homeowners' "oppressive behavior" in their pursuit of "frivolous claims."

¶ 5 Homeowners argued their suit was premised upon allegations of fraud and was not brought under the Residential Property Act. Further, they asserted Sellers cannot be construed as prevailing parties, where the action was dismissed prior to Sellers securing the affirmative relief they sought—an order granting summary judgment. Further, they noted the lack of evidence of oppressive conduct to warrant equitable relief.

¶ 6 Without conducting a hearing, the trial court entered its order granting Sellers' application in part, reducing the amount sought ($7,748) to $4,500, the amount awarded. The order is silent on the reasoning underlying its determination. Homeowners appeal.

¶ 7 Generally, prevailing party attorney fees are not recoverable in the absence of a statute or enforceable contract. *Spencer v. Oklahoma Gas & Elec. Co.*, 2007 OK 76, ¶ 11, 171 P.3d 890, 895. The issue of whether a prevailing party is entitled to an award of attorney fees in the first place is a question of law which we review *de novo*. *Finnell v. Seismic*, 2003 OK 35, ¶ 7, 67 P.3d 339, 342. An attorney fee **award,** however,

---

1. In their Petition, Homeowners asserted they "were not aware at any time prior to July 20, 2007 that Defendants had known of mold infestation and damage to the subject property prior to the sale of the subject property."

2. Although there was no formal determination of the motion's mootness, the trial court's docket

entry of January 28, 2011 specifically notes this conclusion.

3. "In any civil action brought under this act, the prevailing party shall be allowed court costs and a reasonable attorney fee to be set by the court and to be collected as costs." 60 O.S. § 837(D).

will not be disturbed on appeal absent abuse of discretion. *Morgan v. Galilean Health Enterprises, Inc.*, 1998 OK 130, ¶ 15, 977 P.2d 357, 364. "An abuse of discretion occurs when a decision is based on an erroneous conclusion of law or where there is no rational basis in evidence for the ruling." *Spencer*, 2007 OK 76, ¶ 13, 171 P.3d at 895. We likewise review sanction rulings for abuse of discretion. *Garnett v. Government Employees Ins. Co.*, 2008 OK 43, ¶ 14, 186 P.3d 935, 941.[4]

■■■ ¶ 8 The dismissal of Homeowners' case **in the absence of a previously entered order granting Sellers' Motion for Summary Judgment** divested the trial court's jurisdiction and therefore, a subsequent prevailing party attorney fee award constitutes an unauthorized application of judicial force. *See, General Motors Acceptance Corp. v. Carpenter*, 1978 OK 39, 576 P.2d 1166, 1167–68 (holding once an action is dismissed under 12 O.S. § 684, "no jurisdiction remains in district court" to award statutory prevailing party attorney fees); *Firestone Tire & Rubber Co. v. Barnett*, 1970 OK 93, 475 P.2d 167 (holding a voluntary dismissal terminates the jurisdiction of the trial court and a subsequent attempt to vacate the dismissal constitutes an unauthorized application of judicial force). Further, the law clearly demonstrates Sellers are not a "prevailing party" entitled to the recovery of statutory attorney fees.[5] A plaintiff's filing of a dismissal does not render defendant a prevailing party, but rather, prevailing party means "the one for whom judgment is rendered." *Swan–Sigler, Inc. v. Black*, 1966 OK 90, 414 P.2d 300, 301–02 (holding in an action to foreclose a mechanic's lien, where defendant obtained no affirmative **relief** prior to plaintiff's voluntary dismissal, defendant is not a prevailing

party entitled to attorney fees); *but see, Professional Credit Collections, Inc. v. Smith*, 1997 OK 19, 933 P.2d 307 (holding a party who **successfully vacates** a default judgment qualifies as a prevailing party entitled to an award of attorney fees in accordance with 12 O.S.2001 § 936 (collection on an open account)). The *Professional Credit Collections, Inc.* case demonstrates that it is the defendant's **securing of affirmative relief** (prior to voluntary dismissal), which is "the operative factor" to the determination of whether the defendant is a prevailing party for purposes of entitlement to a statutory counsel fee. *Id.* at 311.

¶ 9 In this case, immediately after Sellers filed their Motion for Summary Judgment, Homeowners voluntarily dismissed the case. Sellers cannot be construed as having succeeded on their motion, where the trial court made no ruling whatsoever, much less entered a judgment in their favor thereon. In the absence of a judgment in favor of Sellers and/or against Homeowners at the time of the dismissal, Sellers cannot be considered a prevailing party entitled to recovery of statutory attorney fees. If the trial court's order granting attorney fees was premised upon a finding that Sellers were the prevailing party, the determination was rendered upon an erroneous conclusion of law. We hold upon the filing of the dismissal, the jurisdiction of the trial court terminated and the subsequent entry of its Order granting Sellers' Application for Attorney Fees and Costs in part awarding attorney fees was an unauthorized application of judicial force.

■■ ¶ 10 On appeal, Sellers make no attempt to defend their "prevailing party" argument. Instead, they solely assert the attorney fee award was pursuant to the proper application of the trial court's inherent au-

---

4. We review a sanction ruling for an abuse of discretion. To reverse for abuse of discretion, we must determine the trial court made a clearly erroneous conclusion and judgment, against reason and evidence. Although we examine and weigh any proof in the record, we abide the presumption that the lower court decision on the sanction question is legally correct and cannot be disturbed unless it is contrary to the weight of the evidence or to a governing principle of law. *Garnett*, ¶ 14, 186 P.3d at 941. (footnotes omitted).

5. Otherwise, Homeowners argue against the application of *Professional Credit Collections, Inc. v. Smith*, 1997 OK 19, 933 P.2d 307, on the basis that it is superceded by statute and/or otherwise wrongly decided. Insomuch as these arguments are either premised upon a fundamental misunderstanding of the holding in that case and/or we deem it unnecessary to address them, we refrain from addressing these arguments.

thority to sanction Homeowners for alleged pre-dismissal abusive litigation practices or for abuse of judicial process.

¶ 11 We recognize a trial court's inherent authority to sanction a party or attorney for bad faith litigation misconduct. *Garnett*, ¶ 18, 186 P.3d at 943. "However, sanctions assessed under a trial court's inherent, equitable powers are **not to be awarded lightly or without fair notice and a hearing.**" *Id.* (emphasis added). It is impossible for us to discern from the face of the order whether the trial court's attorney fee award was assessed as a sanction, but if it was a sanction award, it was erroneously entered in the absence of the requisite prior notice and a hearing on the matter.

¶ 12 Additionally, the law requires an express finding of bad faith or oppressive behavior on the part of the sanctioned party where the trial court has imposed sanctions on the basis of its inherent equitable power to do so. *Walker v. Ferguson*, 2004 OK 81, 102 P.3d 144. The order on appeal is fatally deficient in that it lacks findings of either bad faith or oppressive behavior. Further, we note it is difficult to discern egregiousness, vexatiousness, and/or oppressiveness of Homeowners' litigation conduct herein, particularly where summons was apparently never issued and Sellers were never formally served with process.

¶ 13 Insomuch as we find the attorney fee award was erroneously granted either pursuant to a statutory prevailing party provision or as a sanction under the trial court's inherent equitable authority, we need not address the reasonableness of the amount of the erroneously awarded attorney fee.

¶ 14 The trial court's April 2011 order granting in part the Defendants/Appellees, Steve Knox, Renee Knox and the Steve Knox Revocable Trust's ("Sellers") Application for Attorney Fees and Costs is REVERSED.

HETHERINGTON, P.J., and GOREE, J., concur.