2013 OK CIV APP 106

**In the Matter of the ESTATE OF Joseph Odell BLEEKER, Deceased: Estate of Joseph Odell Bleeker, Plaintiff/Appellant,**

**v.**

**C.D. Bleeker, Levena Dale and Connie Dale, as individuals, Defendants/Appellees.**

**No. 108898.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Aug. 23, 2013.

Jerry L. Colclazier, Seminole, Oklahoma, for Appellant.

LARRY JOPLIN, Chief Judge.

¶ 1 Plaintiff/Appellant seeks review of the trial court's denial of Appellant's request for an award of prejudgment interest. An award of prejudgment interest was granted on August 26, 2010, after the appellate court remanded this cause to the trial court in March 2010. One of the Defendants, Lavena Dale, sought bankruptcy protection and an automatic stay was instituted. Dale was eventually denied discharge in bankruptcy and the automatic stay was lifted, this appeal then proceeded.

¶ 2 This case originated upon the death of Joseph Bleeker in February 2004. Bleeker died intestate, leaving no spouse or children. The Defendants, C.D. Bleeker, Lavena Dale and Connie Dale, went to Bleeker's house the day after he died and collected some of his property, including two lock boxes, at least one of which contained significant amounts of cash, over $220,000. The trial court found the Defendants had violated 58 O.S.2001 § 292, having wrongfully alienated decedent's property before the granting of letters testamentary or the appointment of an estate administrator. The Court of Civil Appeals affirmed in part, reversed in part, and remanded the case to the trial court for further proceedings (Appeal No. 107,021). Upon remand, the trial court awarded $144,357.79 in prejudgment interest, initially favoring the estate's request for prejudgment interest.

¶ 3 Lavena Dale sought reconsideration of the trial court's grant of prejudgment interest. The trial court, in evaluating the motion for reconsideration of the prejudgment interest award, agreed with Dale, finding the estate did not seek prejudgment interest at the time of the judgment. The trial court determined the amount would have been a calculable amount, capable of being made a sum certain from the date upon which the property was alienated to the date of judgment, a requirement for the imposition of prejudgment interest under 23 O.S.2001 § 6. The trial court order found prejudgment interest under 23 O.S.2001 § 6 must be considered an element of damages, and the judgment had become final without the inclusion of prejudgment interest. As a result, the court determined adding prejudgment interest after the cause was remanded would have had the effect of modifying the final judgment. The Appellant's prejudgment interest request was thereafter denied.

¶ 4 Ilene McGehee, on behalf of the estate, appealed this order. On appeal, Appellant argues the estate is entitled to prejudgment interest by virtue of 23 O.S.2001 § 6.[1] The partial summary judgment was not

---

1. 23 O.S.2001 § 6:

Any person who is entitled to recover damages

a final order. Prejudgment interest is not an element of damages. And prejudgment interest is proper under 12 O.S. Supp.1999 § 727, in addition to being permitted under 23 O.S. § 6.[2]

¶ 5 The issue of entitlement to an attorney's fee, costs, and interest presents purely a legal question which we review *de novo* without deference to the trial court's determination. *Finnell v. Jebco Seismic*, 2003 OK 35, ¶ 7, 67 P.3d 339, 342. The appellate court will exercise its "plenary, independent, and nondeferential authority when reexamining a trial court's legal rulings." *Pioneer Equip. Rental, L.L.C. v. W.S. Bowlware Const., Inc.*, 2008 OK CIV APP 32, ¶ 2, 180 P.3d 694, 695 (citations omitted).

¶ 6 We note Appellee did not file a response to the petition in error, nor a response brief in this appeal. Therefore, this appeal proceeds on Appellant's brief only. In a case proceeding on the appellant's brief only, this court is under no duty to search the record for a basis to affirm the judgment, and where the appellant's brief is "reasonably supportive of the allegations of error" this court will ordinarily grant the relief sought by the appellant. *Sneed v. Sneed*, 1978 OK 138, 585 P.2d 1363. However, "(r)eversal is never automatic[.] [The trial court's judgment] is presumed correct until the contrary has been shown by the record." *Hamid v. Sew Original*, 1982 OK 46, 645 P.2d 496, 497 (citations omitted).

¶ 7 Plaintiff/Appellant argues the summary judgment that was previously appealed and affirmed in part, and reversed in part and remanded was not a final judgment and is capable of having prejudgment interest added to it upon remand. To this end, Appellant argues *Shanbour v. Phillips 66 Natural Gas*

*Co.*, 1993 OK 128, 864 P.2d 815, demonstrates that a post-summary judgment motion for prejudgment interest under 23 O.S. § 6 should be granted.

¶ 8 In *Shanbour*, the district court entered judgment in favor of the royalty interest payor. After judgment was entered, the district court denied a request for interest and attorney fees. The case was then appealed, which included the payor's objections to the district court's denial of payor's interest payment request. As a result, the *Shanbour* district court decided the issue of interest and that issue was brought before the appellate court along with the appellant's other propositions of error. *Shanbour* does not stand for the proposition that a plaintiff can remain silent and do nothing with respect to prejudgment interest at the district court level, then participate in the appeal of the summary judgment that contained no award of prejudgment interest (Appeal No. 107,021) and wait until remand to ask the court to add prejudgment interest.

¶ 9 The question presented by Appellant here is whether the appealed judgment can contain nothing with respect to prejudgment interest, then allow the trial court to add prejudgment interest on remand to that portion of the award that was affirmed, which is the nature of Appellant's request here. In light of the Oklahoma legislative development of 12 O.S. §§ 696.3 and 696.4, we find Appellant had a responsibility to present her request for prejudgment interest prior to the remand of this case in 2010.

¶ 10 In 2002, prior to Bleeker's death, 12 O.S. Supp.2002 § 696.4 provided in part as follows:

A. A judgment, decree or appealable order may provide for costs, attorney fees,

---

certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt.

**2.** 12 O.S. Supp.1999 § 727(E):
Except as provided by subsection F of this section, if a verdict for damages by reason of personal injuries or injury to personal rights including, but not limited to, injury resulting from

bodily restraint, personal insult, defamation, invasion of privacy, injury to personal relations, or detriment due to an act or omission of another is accepted by the trial court, the court in rendering judgment shall add interest on the verdict at a rate prescribed pursuant to subsection I of this section from the date the suit resulting in the judgment was commenced to the earlier of the date the verdict is accepted by the trial court as expressly stated in the judgment, or the date the judgment is filed with the court clerk.

*and interest* or any of these items, but it need not include them. The preparation and filing of the judgment, decree, or appealable order shall not be delayed pending the determination of these items. Such items may be determined by the court if a timely request is made, regardless of whether a petition in error has been filed.

B. If attorney fees, costs, *or interest,* including the amount of such attorney fees, costs, and the rate of interest, *have not been included in the judgment, decree or appealable order, a party seeking any of these items must file an application with the court clerk along with the proof of service of the application on all affected parties in accordance with Section 2005 of this title.* The application must set forth the amount requested and include information which supports that amount. The application must be filed within thirty (30) days after the filing of the judgment, decree or appealable order unless a posttrial motion pursuant to subsection A of Section 990.2 of this title has been filed within ten (10) days after the filing of the judgment, decree, or appealable order.

12 O.S. § 696.4(A) and (B) (emphasis added).

¶ 11 In 2004, this section was modified, and the reference to interest was removed from § 696.4, as indicated:

A. A judgment, decree or appealable order may provide for costs, attorney fees, or both of these items, but it need not include them. The preparation and filing of the judgment, decree, or appealable order shall not be delayed pending the determination of these items. Such items may be determined by the court if a timely request is made, regardless of whether a petition in error has been filed.

B. If attorney fees or costs, including the amount of such attorney fees or costs have not been included in the judgment, decree or appealable order, a party seeking any of these items must file an application with the court clerk along with the proof of service of the application on all affected parties in accordance with Section 2005 of this title. The application must set forth the amount requested and include informa-

tion which supports that amount. The application must be filed within thirty (30) days after the filing of the judgment, decree or appealable order unless a posttrial motion pursuant to subsection A of Section 990.2 of this title has been filed within ten (10) days after the filing of the judgment, decree, or appealable order.

12 O.S. Supp.2004 § 696.4.

¶ 12 Upon removing the pre–2004 requirement to include interest in the judgment or file an appropriate application within thirty (30) days of judgment as required under the pre–2004 version of § 696.4, the legislature addressed prejudgment interest in § 696.3:

A. Judgments, decrees and appealable orders that are filed with the clerk of the court *shall* contain:

1. A caption setting forth the name of the court, the names and designation of the parties, the file number of the case and the title of the instrument;

2. A statement of the disposition of the action, proceeding or motion, including a statement of the relief awarded to a party or parties and the liabilities and obligations imposed on the other party or parties, *including the amount of any prejudgment interest;*

3. The signature and title of the court; and

4. Any other matter approved by the court.

B. Judgments, decrees and appealable orders that are filed with the clerk of the court may contain a statement of costs, attorney fees and interest other than prejudgment interest, or any of them, if they have been determined prior to the time the judgment, decree or appealable order is signed by the court in accordance with this section.

12 O.S. Supp.2004 § 696.3(A) and (B) (emphasis added).

¶ 13 Since Bleeker's death in February 2004, the Oklahoma statutes have offered no provision that would allow the estate to omit

prejudgment interest from the appealable order, or at the least make application within the time parameters provided for in § 696.4 (Supp.2002). Prior to November 2004, the estate would have had to include the amount of prejudgment interest in the appealed from order or make application within the time provided under 12 O.S. Supp.2002 § 696.4(B). After the amendment of § 696.4, § 696.3 required the appealed from order to include the amount of any prejudgment interest.

¶ 14 Appeal No. 107,021 did not include any identification of an award of prejudgment interest, no propositions of error relating to the issue of prejudgment interest, and no notice of pending motions for prejudgment interest at the trial court. Consequently, the appellate court did not address this issue in the 107,021 appeal.

¶ 15 The award to which Appellant now attempts to have prejudgment interest assessed is the award affirmed by the appellate court in Appeal No. 107,021. Because § 696.4 previously required prejudgment interest be part of the judgment or applied for within a specified time thereafter, and now § 696.3 requires the amount of prejudgment interest be part of the appealable order, we find Appellant's request on remand operates against the statutory requirements and the district court was correct to deny Appellant's request after the case was remanded.

¶ 16 Regarding Appellant's specific propositions of error, Appellant first asserts that the estate was entitled to prejudgment interest. This proposition is moot in light of the fact the request was not made or included in the appealed from order in accordance with statutory requirements.

¶ 17 Appellant next argues the summary judgment was an interlocutory appeal by right under Supreme Court Rule 1.36, obviating the requirement that prejudgment interest be included any earlier than upon remand. This argument too misses the mark. Section 696.4 (Supp.2002) and § 696.3 (Supp. 2004) make reference to "appealable order" not final order. As a result, the requirements with which Appellant has not complied are not excused based upon the "final" nature of the order, but rather the "appealable" nature of the order. This proposition is without merit.

¶ 18 Appellant's third proposition asserts that prejudgment interest is not an element of damages and is instead a mechanism designed to make the plaintiff whole, compensating for the loss of use of money due as damages from the time the claim accrues until judgment is entered. *Withrow v. Red Eagle Oil Co.*, 1988 OK 16, 755 P.2d 622, 623–24. As such, Appellant argues it need not have been included in the appealed from order, because it was not an amount of damages. This argument too loses sight of the statutory requirements that prejudgment interest be included in the appealed from order (§ 696.3 Supp.2004) or upon application shortly thereafter (§ 696.4(B) Supp.2002). Regardless how Appellant wants to classify prejudgment interest, the legislature requires it be addressed before it was in this case.

¶ 19 Appellant's final proposition insists that Appellant was entitled to prejudgment interest under either 23 O.S. § 6 or 12 O.S. § 727. This distinction has no bearing on Appellant's failure to meet the requirement that prejudgment interest be included in the appealed from order or applied for in a timely manner consistent with statute.

¶ 20 The order of the district court, denying Appellant's request for prejudgment interest, is AFFIRMED.

BUETTNER, P.J., and BELL, J., concur.