**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 11, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ESTATE OF MOE NORMAN; TODD
GRAVES; TODD GRAVES GOLF
SCHOOL LLC,

      Plaintiffs - Appellees,

v.

GREG LAVERN,

      Defendant - Appellant.

No. 18-6183
(D.C. No. 5:14-CV-01435-M)
(W.D. Oklahoma)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

Mr. Greg Lavern wrote a book in 2014 that teaches golfers how to develop a

swing like the late professional golfer Moe Norman. Mr. Norman's estate and a

golfing school that teaches Mr. Norman's swing sued Mr. Lavern. Just before trial,

the Estate and the school dismissed the case because they were no longer able to fund

the litigation. Mr. Lavern moved for attorney's fees. The district court denied his

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and
10th Circuit Rule 32.1.

motion, and he now appeals. Concluding that the district court abused its discretion by committing legal error, we now reverse.

## I.    BACKGROUND

Moe Norman was a famous Canadian golfer known for his unique "single plane" golf swing. App., vol. I, at 28. Upon Mr. Norman's death, "all right[s], title, and interest in and to [his] right of publicity" passed to his estate. *Id*. The Estate subsequently registered three trademarks covering the commercial use of Mr. Norman's name. It also executed an exclusive licensing agreement with the Todd Graves Golf School, LLC (run by Todd Graves, a protégé of Mr. Norman) to use Mr. Norman's name and right of publicity.

In 2014, Mr. Lavern published an instructional book titled, "FINISH TO THE SKY[,] The Golf Swing Moe Norman Taught Me: Golf Knowledge Was His Gift To Me." *Id.* at 145. Later that same year, the Estate and the Graves School sued Mr. Lavern in federal district court alleging, in addition to six other claims not relevant here, violations of the Lanham Act, 15 U.S.C. § 1125(a), and one of Oklahoma's right of publicity statutes, Okla. Stat. tit. 12, § 1449. During the litigation, Mr. Lavern published a second book, "FINISH TO THE SKY VOLUME TWO." *Id.* at 146.[1]

After securing a preliminary injunction, the Estate and the Graves School moved for summary judgment on each of their claims. The district court denied that

---

[1] In 2018, after the case was dismissed, Mr. Lavern apparently published a third Moe Norman-focused book.

motion, set the case for trial, and appointed counsel for Mr. Lavern (who had been appearing pro se) because "health issues ha[d] restricted [his] travel to the United States from Canada." *Id.* at 264, 268, 270–72. But before trial, the plaintiffs moved to dismiss the case with prejudice under Federal Rule of Civil Procedure 41(a)(2) because they were "financially unable to continue with th[e] litigation." App., vol II, at 274. The district court granted that motion and denied Mr. Lavern's request that the dismissal be conditioned on an award of attorney's fees, having determined that there were no "exceptional circumstances" warranting such an award. *Id.* at 322–24 (quoting *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997) ("[W]e continue to adhere to the rule that a defendant may not recover attorneys' fees when a plaintiff dismisses an action with prejudice absent exceptional circumstances.")).

Mr. Lavern then moved for attorney's fees under, among other statutes, the Lanham Act and Oklahoma's right of publicity statute. The district court denied Mr. Lavern's motion in its entirety. Relevant here, the district court concluded that Mr. Lavern was not entitled to attorney's fees under one of Oklahoma's right of publicity statutes, Okla. Stat. tit. 12, § 1448, because that statute only "applies to claims that are brought seeking monetary damages[,]" and the plaintiffs invoked it to seek only "injunctive relief." App., vol. II at 491.

Mr. Lavern timely appealed the district court's denial of attorney's fees under Oklahoma's right of publicity statutes.

Exercising jurisdiction under 28 U.S.C. § 1291, we reverse.

## II.  DISCUSSION

### A.  Attorney's Fees

### 1.  Standard of Review

We review a district court's decision to grant or deny a motion for attorney's fees for abuse of discretion. *Xlear, Inc. v. Focus Nutrition, LLC*, 893 F.3d 1227, 1233 (10th Cir. 2018). We apply this standard even when reviewing whether to award attorney's fees under state law. *Id.* at 1233–34. A district court abuses its discretion when "it commits legal error, relies on clearly erroneous factual findings, or issues a ruling without any rational evidentiary basis." *Id.* at 1233.

"Although the overarching standard of review is for an abuse of discretion, [w]e review the statutory interpretation or legal analysis that formed the basis of the award de novo." *Id.* (alteration in original) (internal quotation marks omitted). As to findings of fact, they are "clearly erroneous if [they are] without factual support in the record or if, after reviewing all the evidence, we are left with a definite and firm conviction that a mistake has been made." *Mathis v. Huff & Puff Trucking, Inc.*, 787 F.3d 1297, 1305 (10th Cir. 2015) (quotation marks omitted).

### 2.  Analysis

a.  *Legal Framework*

Oklahoma has two right of publicity statutes: Okla. Stat. tit. 12, §§ 1448 and 1449. Section 1448 governs a "[d]eceased personality's right of publicity," and § 1449 governs the rights of publicity of the living. Despite this distinction, the plaintiffs here, the Estate and the Graves School, referenced § 1449 as the basis of

4

their right of publicity claim on behalf of the deceased Moe Norman. In fact, § 1448 was not mentioned until Mr. Lavern noted the discrepancy in his response to plaintiffs' motion to dismiss, over three years into the litigation. The district court ultimately based its decision to deny attorney's fees on § 1448. For our purposes, the two statutes function identically,[2] with indistinguishable attorney's fees provisions. Because the plaintiffs brought their complaint under § 1449, we address that section here.

> Section 1449 provides that:
>
> Any person who knowingly uses another's name, voice, signature, photograph, or likeness, in any manner . . . for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods, or services, without such person's prior consent . . . shall be liable for any damages sustained by the person or persons injured as a result thereof, and any profits from the unauthorized use that are attributable to the use shall be taken into account in computing the actual damages.

Okla. Stat. tit. 12, § 1449(A). That same subsection also authorizes punitive damages and states that "[t]he prevailing party in any action under this section," i.e., § 1449, "shall also be entitled to attorney's fees and costs." *Id.* Section 1449 concludes, "[t]he remedies provided for in this section are cumulative and shall be in addition to any others provided for by law." *Id.* § 1449(G).

---

[2] The primary distinction between § 1449 and § 1448 is that § 1448 requires those seeking to recover damages for the use of a deceased personality's right of publicity to first "register[] a claim of the rights . . . with the Secretary of State." Okla. Stat. tit. 12, § 1448(F)(1)–(2). Absent that registration, the plaintiff "may not recover damages." *Id.* § 1448(F)(1). Even with registration, damages are limited to those "that occur[red]" after the registration of the "claim of the rights." *Id.*

b. *Merits*

The Estate and the School brought seven claims against Mr. Lavern, the seventh of which is identified in the complaint as "Violation of Right of Publicity." In pleading that cause of action, plaintiffs allege that "[t]he Defendants' unauthorized commercial use of Moe Norman's name and likeness, such as in the 'Unauthorized Book' and on the www.finishtothesky.com website, violates 12 O.S. § 1449." App., vol. I, at 38. In the complaint's prayer for relief, plaintiffs request a declaration that the defendants have violated "the Oklahoma Right of Publicity Statute, 12 O.S. § 1449 (2011)." *Id.* at 39.

As discussed, § 1449, the section expressly relied upon by the plaintiffs in Count VII of their complaint, provides that "[t]he prevailing party in any action under this section shall also be entitled to attorney's fees and costs." Okla. Stat. tit. 12, § 1449(A). The district court, at the urging of the plaintiffs, determined that § 1448 did not authorize attorney's fees for Mr. Lavern as the prevailing party[3] because the

---

[3] Plaintiffs conceded that Mr. Lavern was a prevailing party under Okla. Stat. tit. 12, § 1449. It is far from clear, however, that plaintiffs' voluntary dismissal with prejudice rendered Mr. Lavern the prevailing party under Oklahoma law. *See Fentem v. Knox*, 305 P.3d 1043, 1046 (Okla. Civ. App. 2013) ("[I]t is the defendant's securing of affirmative relief (prior to voluntary dismissal), which is 'the operative factor' to the determination of whether the defendant is a prevailing party for purposes of entitlement to a statutory counsel fee." (quoting *Prof'l Credit Collections, Inc. v. Smith*, 933 P.2d 307, 311 (Okla. 1997))). In its order granting plaintiffs' voluntary dismissal and again in its order denying Mr. Lavern's request for statutory attorney's fees, the district court treated the applicable prevailing party inquiry—a question of Oklahoma law—as indistinguishable from the prevailing party analysis applicable to a request for costs under Rule 54(d)(1) of the Federal Rules of Civil Procedure. To clarify, whether a litigant is a prevailing party as that term is

"plaintiffs *only* sought injunctive relief." App., vol. II, at 491 (emphasis added).

According to the district court, the type of relief sought is significant because § 1449

renders the actor "liable for any damages sustained." *Id.* So, the district court

concluded, only actions seeking damages are actions brought "under" the right of

publicity statutes. With due respect, this conclusion misses the mark.

First, the statute does not limit the right to attorney's fees to the type of relief

requested. The only requirements are that: (1) the party be the "prevailing party;"

(2) in "any action under this section." *Id.* Because the plaintiffs have conceded that

Mr. Lavern is a "prevailing party" under Oklahoma law, the only issue before the

district court was whether the plaintiffs brought "any action under this section

[§ 1449]." Nothing in § 1449 requires that the action be an action for damages;

rather, "any action under this section" qualifies the prevailing party for an award of

fees.

There is simply no dispute that the plaintiffs brought an action under § 1449.

The complaint cites that statute expressly, both in Count VII and in the prayer for

relief. The plaintiffs also cite § 1449 seven times before the district court, each time

explicitly or implicitly claiming Mr. Lavern had violated plaintiffs' right of publicity

by violating the statute. The plaintiffs never offer any other source for their right of

publicity claim; their claim, at least before the district court, rests wholly and

---

used and interpreted by Oklahoma law is nowise affected by whether that litigant is a
prevailing party for purposes of an award of costs under Federal Rule of Civil
Procedure 54(d)(1).

7

completely on § 1449. Even if the district court were correct that the plaintiffs sought only injunctive relief, and even if the district court were correct that such relief is unavailable under § 1449, there can be no serious question that the plaintiffs here brought their action under § 1449. As a result, the plain language of § 1449 entitles Mr. Lavern, as the conceded prevailing party, to attorney's fees.[4]

In sum, whether the plaintiffs sought injunctive relief or damages is not the relevant legal question under § 1449(A). The statute provides that "[t]he prevailing party in *any* action under this section shall also be entitled to attorney's fees and costs." Okla. Stat. tit. 12, § 1449(A) (emphasis added). The district court committed legal error by reading that provision as if it stated: "The prevailing party in any action *for damages* under this section shall also be entitled to attorney's fees and costs." It is apparent from the face of the complaint that the plaintiffs brought an action under § 1449; indeed, they cite § 1449 expressly in Count VII and the prayer for relief. Under these circumstances, and where the plaintiffs do not challenge Mr. Lavern's standing as the prevailing party, he is entitled to his reasonable attorney's fees and costs.

---

[4] Nor do we agree that injunctive relief is unavailable under § 1449. Section 1449(G) states, "[t]he remedies provided for in this section [*i.e.*, § 1449] are cumulative and shall be in addition to any others provided for by law." Thus, while subsection (A) provides that the person violating another person's rights of publicity "shall be liable for any damages sustained by the person or persons injured," subsection (G) allows a plaintiff under § 1449 to seek other relief, including an injunction.

### III. CONCLUSION

The district court committed legal error, thereby abusing its discretion, in denying Mr. Lavern's motion for statutory attorney's fees under Okla. Stat. tit. 12, § 1449. We, therefore, REVERSE the decision of the district court and remand for an award of reasonable attorney's fees and costs to Mr. Lavern.

Entered for the Court

Carolyn B. McHugh
Circuit Judge

9